PER CURIAM.
 

 In this Anders
 
 [1]
 
 appeal, we affirm the conviction and sentence. Our review of the record, however, indicates a possible sentencing error.
 

 The defendant below pled no contest to two offenses: strong arm robbery and aggravated fleeing or eluding at high speed. He entered into a negotiated plea of fifteen years and a day as a habitual felony offender on both offenses and fifteen years mandatory minimum as a prison releasee reoffender (PRR) on the second offense. The court accepted the plea, adjudicated him guilty and sentenced him in accordance with the plea agreement.
 

 
 *912
 
 The defendant argues that his PRR sentence is illegal because the PRR statute does not make aggravated fleeing and eluding a predicate offense for such enhanced punishment. By the PRR statute’s clear text, aggravated fleeing and eluding is not designated as a predicate crime. § 775.082(9)(a), Fla. Stat. (2008). The State argues that when the fleeing/eluding is
 
 aggravated,
 
 thus resulting in violence, the predicate is satisfied. We reject this argument because violence must be a
 
 necessary
 
 element of the felony.
 
 Paul v. State,
 
 958 So.2d 1135, 1137 (Fla. 4th DCA 2007).
 

 The defendant, though, did not preserve this issue for appeal. We recognize that “a defendant cannot assent to an illegal sentence.”
 
 Gregory v. State,
 
 997 So.2d 1287, 1288 (Fla. 3d DCA 2009). We further acknowledge that “a defendant’s right to challenge an illegal sentence is not waived by the fact that the sentence was the result of a negotiated plea.”
 
 Torbert v. State,
 
 832 So.2d 203, 205 (Fla. 4th DCA 2002). However, unpreserved sentencing errors cannot be corrected in an
 
 Anders
 
 case.
 
 Colon v. State,
 
 869 So.2d 1290 (Fla. 4th DCA 2004). Accordingly, our affir-mance is without prejudice to the defendant filing an appropriate post-conviction motion raising any such unpreserved sentencing issues.
 
 Id.
 

 Affirmed.
 

 FARMER, HAZOURI and GERBER, JJ., concur.
 

 [1]
 

 .
 
 Anders v. California,
 
 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).