SHEPHERD, J.
 

 The appellant challenges, by direct appeal, the trial court’s technical denial of his Florida Rule of Criminal Procedure 3.800(b)(2) motion to correct illegal sentence,
 
 [1]
 
 in which he asserted his written sentence failed to conform to the sentencing judge’s oral pronouncement and he was sentenced unlawfully to a three-year minimum mandatory sentence, in exchange for his plea of guilty to carrying a concealed firearm and possession of a firearm by a delinquent, under this State’s 10-20-Life statute.
 
 See
 
 § 775.087(2)(a)1.a-r. Fla. Stat. (2008). We accept the State’s proper concession of error on the former and reverse on the latter.
 

 The State charged Appellant with carrying a concealed firearm and possession of a
 
 *166
 
 firearm by a delinquent. Appellant agreed to a plea of guilty to the charges in exchange for a sentence of five years of imprisonment on each charge, with a three-year mandatory minimum. The plea colloquy does not identify upon which count the mandatory minimum was imposed. The written sentence states it was imposed on the concealed firearm charge. The plea colloquy reflects the sentencing judge ordered that both sentences were to run concurrently with each other and to a life sentence imposed on a separately charged and prosecuted murder conviction. This intent is not reflected in the written sentence.
 

 The State concedes the written sentence should be amended to state both of the appellant’s sentences should run concurrently with the life sentence in the companion case, and we so order.
 
 See Catalan v. State,
 
 911 So.2d 203, 204 (Fla. 3d DCA 2005) (“Where there is a difference between the court’s oral pronouncement and a written order, the oral pronouncement controls.”). The State also concedes the written sentence is in error to the extent it seeks to make mandatory three years of the five-year sentence imposed on Appellant for carrying a concealed firearm, because carrying a concealed firearm is not a qualifying offense under the 10-20-Life statute.
 
 See
 
 § 775.087(2)(a)1.a-r.
 

 The State argues, nevertheless, that because the plea colloquy does not identify to which of the convictions in this case— carrying a concealed firearm or possession of a firearm by a delinquent — the enhancement was to be applied, the three-year minimum mandatory sentence can be applied to Appellant’s conviction for possession of a firearm by a delinquent. In support of this argument, the State points out the information charged Williams with “unlawfully and feloniously ownfing] or hav[ing] in said defendant’s care, custody, possession or control firearm, when at said time and place, the defendant had previously been found to have committed a delinquent act that would be a felony if committed by an adult of this court of this state ... in violation of s. 790.23(1).” Although an argument can be constructed that it is not clear from the information on this count whether Williams’ general plea of guilty was for possession of a firearm by a convicted felon under section 790.23(l)(a) or by a delinquent under section 790.23(1)(b) due to the absence of a second parenthetical in the charging document— the State’s theory, as we understand it— we find this argument to be unpersuasive.
 
 [2]
 
 The 10-20-Life statute authorizes the imposition of a three-year minimum mandatory sentence when a defendant is convicted of “possession of a firearm by a felon.” § 775.087(2)(a)l.r. (emphasis added). We are of the view that the only fair way to read the information in this case is to find the appellant was charged with possession of a firearm by a delinquent. We also take judicial notice of the certified copy of Williams’ Criminal Justice Information Center printout, recently filed by defense counsel, showing all of Williams’ prior convictions (excluding the murder conviction for which Williams was sentenced concur
 
 *167
 
 rently with the convictions in this case) were juvenile adjudications. We agree with the reasoning of the First District Court of Appeal’s recent opinion in
 
 Potter v. State,
 
 997 So.2d 1215, 1216 (Fla. 1st DCA 2008), that because the offense of possession of a firearm by a delinquent is not specifically listed in the 10-20-Life statute as one for which a court is authorized to impose a minimum mandatory sentence, the trial court erred in this case in imposing a minimum mandatory sentence on this count as well. Although the appellant expressly agreed to the sentence as part of a negotiated plea agreement, a defendant cannot assent to an illegal sentence.
 
 See Gregory v. State,
 
 997 So.2d 1287, 1288 (Fla. 3d DCA 2009).
 

 Accordingly, we reverse the appellant’s sentence and remand for the trial court to conform its oral pronouncement to its written sentence and strike the three-year minimum mandatory term. Because these amendments are ministerial acts, Appellant need not be present for resentencing.
 
 See Velez v. State,
 
 988 So.2d 707, 708 (Fla. 3d DCA 2008).
 

 [1]
 

 . Florida Rule of Criminal Procedure 3.800(b)(2) authorizes a defendant pursuing a direct appeal to file a motion to correct illegal sentence in the trial court after he files his notice of appeal, but before the filing of the initial brief. If no order on the motion is hied by the trial court within sixty days, the motion is deemed denied. Fla. R.Crim. P. Rule 3.800(b)(1)(B). We refer to such a denial here as a “technical denial.”
 

 [2]
 

 . Section 790.23(1) of the Florida Statutes reads in relevant part:
 

 790.23. Felons and delinquents; possession of firearms, ammunition, or electric weapons or devices unlawful
 

 (1) It is unlawful for any person to own or to have in his or her care, custody, possession, or control any firearm, ammunition, or electric weapon or device, or to carry a
 

 concealed weapon, including a tear gas gun or chemical weapon or device, if that person has been:
 

 (a) Convicted of a felony in the courts of this state;
 

 (b) Found, in the courts of this state, to have committed a delinquent act that would be a felony if committed by an adult and such person is under 24 years of age; ...