PER CURIAM.
 

 After the trial court denied his disposi-tive motion to suppress, Appellant pled no contest to possession of a concealed weapon by a convicted felon (count I) and altering or removing the manufacturer’s serial number from a firearm (count II), reserving the right to appeal the denial of the motion to suppress. Appellant’s appointed counsel filed an
 
 Anders
 
 brief, and after our independent review of the record, we find no error in the trial court’s ruling on the motion to suppress.
 

 Appellant’s sentences of 48 months (with a 3-year minimum mandatory) for count I and a concurrent 36 months for count II are legal insofar as they are within the statutory maximum for the offenses and do not exceed the 48-month cap in the plea agreement. However, because the trial court orally pronounced a 36-month sentence (with the 3-year minimum mandatory) for count I, it appears that the subsequent written sentence of 48 months for that count is illegal.
 
 See Ashley v. State,
 
 850 So.2d 1265, 1267-68 (Fla.2003). This error was not properly preserved for our review by a contemporaneous objection or a rule 3.800(b)(2) motion and, thus, we cannot correct the error in this direct appeal.
 
 See Geftos v. State,
 
 12 So.3d 910, 912 (Fla. 4th DCA 2009);
 
 Young v. State,
 
 988 So.2d 1128, 1129 (Fla. 2d DCA 2008). Accordingly, we affirm Appellant’s judgment and sentence without prejudice to any right that he may have to file an appropriate post-conviction motion concerning the sentence imposed for count I.
 

 AFFIRMED.
 

 WOLF, HAWKES and WETHERELL, JJ., concur.