NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

MICHAEL ALLEN GUNN, DOC #C12113,  )
                                   )
          Appellant,               )
                                   )
v.                                 )
                                   )     Case No.  2D18-783
STATE OF FLORIDA,                  )
                                   )
          Appellee.                )
_____ )

Opinion filed April 17, 2019.

Appeal from the Circuit Court for Polk
County; Jalal Harb, Judge.

Howard L. Dimmig, II, Public Defender,
and Siobhan Helene Shea, Special
Assistant Public Defender, Bartow, for
Appellant.

Ashley Moody, Attorney General,
Tallahassee, and Blain A. Goff, Assistant
Attorney General, Tampa, for Appellee.


PER CURIAM.


        Affirmed without prejudice to any right the appellant may have to file an

appropriate postconviction motion addressing his unpreserved challenge to his

sentence if he can do so in good faith.  See Gordon v. State, 139 So. 3d 958, 960 (Fla.

2d DCA 2014) ("[F]or sentencing errors, to raise even fundamental error on appeal,

defendants must first file a motion under [Florida Rule of Criminal Procedure] 3.800(b)." (quoting Jackson v. State, 983 So. 2d 562, 569 (Fla. 2008))); Young v. State, 988 So. 2d 1128, 1129 (Fla. 2d DCA 2008) (explaining that a claim that a defendant's life sentence exceeded the thirty-year statutory maximum could not be addressed on appeal when the appellant "did not preserve this issue for appellate review by objecting during the sentencing hearing or by filing a motion in accordance with Florida Rule of Criminal Procedure 3.800(b)").

LaROSE, C.J., and KHOUZAM and SLEET, JJ., Concur.