779 So.2d 341 (2000)
John A. LEE, Appellant,
v.
STATE of Florida, Appellee.
No. 2D99-2234.
District Court of Appeal of Florida, Second District.
January 26, 2000.
Rehearing Denied December 14, 2000.
BY ORDER OF THE COURT:

ORDER STRIKING NOTICE OF PENDING MOTION TO CORRECT SENTENCING ERROR
John A. Lee, while represented by the Public Defender of the Tenth Judicial Circuit, filed in this court a pro se notice of pending motion to correct sentence pursuant to Florida Rule of Criminal Procedure 3.800(b)(2). We solicited a response from appellate counsel, who indicated that the record was incomplete, and that he was therefore unable to respond properly to the motion or to address the propriety of the accompanying rule 3.800(b) motion that Lee had filed in the trial court. In addition, counsel pointed out that because only a fragment of the record had been prepared, he would be unable, after the resolution of the rule 3.800(b) motion, to file the initial brief within ten days of transmission of the supplemental record as contemplated by the rule.
*342 The recent amendment to rule 3.800[1] provides an avenue for the correction of sentences during the pendency of criminal appeals, and its province is confined to the individuals responsible for the prosecution or defense of the appeal, which customarily will be appellate counsel. Only in those relatively rare instances in which a criminal defendant elects to proceed without benefit of counsel on direct appeal may the pro se litigant avail himself or herself of this new mechanism to pursue the correction of sentences.[2]
By prior unpublished order, we struck the notice filed in this court and reconfirm the propriety of this action in this opinion. Our intention in the future is to strike future pro se notices of represented parties without requesting responses from appellate counsel because the status of the record, or the merit of the motion filed in the trial court, is not critical to our decision to prevent pro se litigants from usurping the responsibilities of counsel in this regard. Additionally, we note as well that the circuit court should strike Mr. Lee's pro se rule 3.800(b)(2) motion as he enjoys the advantages of appointed counsel in his appeal. The striking of the notice in this court is, of course, without prejudice to appellate counsel's ability to pursue appropriate remedies to correct sentencing errors during the pendency of this appeal once the record is complete.
Mr. Lee's notice of pending motion to correct sentence is stricken.
PARKER, A.C.J., and ALTENBERND and WHATLEY, JJ., Concur.
NOTES
[1] See Amendments to Florida Rules of Criminal Procedure 3.111(e) and 3.800 and Florida Rules of Appellate Procedure 9.020(h), 9.140, and 9.600, 761 So.2d 1015 (Fla.1999).
[2] Florida Rule of Criminal Procedure 3.800(b)(2) provides, in relevant part: "The motion may be filed by appellate counsel and must be served before the party's first brief is served." We believe that while the rule's use of the permissive word "may" might be intended to allow for the cooperative filing of the motion and notice by trial counsel and appellate counsel, the supreme court never envisioned authorizing pro se filings in this instance when individuals are represented by counsel.