881 So.2d 671 (2004)
Jimmy RODRIGUEZ, Appellant,
v.
STATE of Florida, Appellee.
No. 5D01-3685.
District Court of Appeal of Florida, Fifth District.
August 27, 2004.
James B. Gibson, Public Defender, and Brynn Newton, Assistant Public Defender, Daytona Beach, for Appellant.
Jimmy Rodriguez, Cocoa, pro se.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Anthony J. Golden, Assistant *672 Attorney General, Daytona Beach, for Appellee.

ON MOTION FOR REHEARING
PER CURIAM.
Jimmy Rodriguez seeks rehearing and withdrawal of this court's affirmance. The motion for rehearing is denied.
On 8 November 2001, Rodriguez pleaded guilty to burglary of a dwelling and grand theft, and was sentenced to concurrent ten-year terms of incarceration. On 28 November 2001, Rodriguez filed a notice of appeal, and a public defender was appointed to represent him. On 20 February 2002, the public defender filed an Anders[1] brief and a motion to withdraw as counsel. On 21 February 2002, this court entered an order permitting Rodriguez to file a response to the motion to withdraw and to file a pro se brief with this court.
Instead of responding to this court, on 26 April 2002, Rodriguez, who was still represented by counsel, filed a pro se motion seeking correction of his sentence in the trial court pursuant to Florida Rule of Criminal Procedure 3.800(b)(2). Rodriguez also filed a notice with this court of the filing of his Rule 3.800(b)(2) motion in the trial court. On 24 May 2002, the public defender filed a "notice and suggestion that pro se motion be forwarded to sentencing judge" in the circuit court. The notice suggested that Rodriguez was authorized to file a pro se Rule 3.800(b)(2) motion because we granted Rodriguez leave to file a pro se brief in the direct appeal.
On 11 June 2002, we affirmed Rodriguez's convictions and sentences without opinion. On 12 June 2002, this court granted the public defender's motion to withdraw as counsel for Rodriguez. Thereafter, on 21 June 2003, the trial court granted Rodriguez's pro se Rule 3.800(b) motion.
Rodriguez now seeks rehearing of the affirmance on direct appeal. Rodriguez argues that because the affirmance was issued prior to the trial court's ruling on the Rule 3.800(b) motion, this court's affirmance should be amended to reflect an entry date after the trial court's order granting relief so that the order will be effective.
The motion for rehearing is denied for two reasons. First, the motion filed with the trial court was not authorized under Rule 3.800(b). Rule 3.800(b)(2) authorizes the filing of a motion to correct a sentencing error while an appeal is pending. However, any such motion must be filed before the party's first brief is served. See Fla. R.Crim. P. 3.800(b)(2).[2] Because Rodriguez's counsel filed an initial brief before Rodriguez filed his pro se motion, it was unauthorized.
Second, the Rule 3.800(b) motion was a legal nullity because Rodriguez was represented by counsel at the time he filed the motion. In Lee v. State, 779 So.2d 341 (Fla. 2d DCA 2000), the district court addressed the issue of a motion filed pro se by an appellant who is represented by counsel. The court stated:
We believe that while the rule's use of the permissive word "may" might be *673 intended to allow for the cooperative filing of the motion and notice by trial counsel and appellate counsel, the supreme court never envisioned authorizing pro se filings in this instance when individuals are represented by counsel.
Id. at 342, n. 2.
The trial court should have stricken the motion because Rodriguez enjoyed "the advantages of appointed counsel on his appeal." Id. at 342. Although the public defender filed its motion to withdraw as counsel, Rodriguez was not authorized to file pro se motions until this court ruled on the pending motion to withdraw. Rodriguez filed his pro se motion with the trial court before this court granted the motion to withdraw. Hence, Rodriguez's pro se Rule 3.800(b) motion was unauthorized and a legal nullity. There is an exception to this general rule. Where there is antipathy between a defendant and his counsel, and the defendant seeks to represent himself and discharge his counsel, the defendant has that right as long as the record is clear that his intent is unequivocal. Logan v. State, 846 So.2d 472 (Fla.2003); Lewis v. State, 766 So.2d 288, 289 (Fla. 4th DCA 2000). Otherwise, the defendant has no right to represent himself while represented by counsel. Id. at 475 (citing Sheppard v. State, 391 So.2d 346 (Fla. 5th DCA 1980)). Accordingly, we deny Rodriguez's motion for rehearing without prejudice to his seeking appropriate remedies to correct sentencing errors, if any.
MOTION FOR REHEARING DENIED.
GRIFFIN, THOMPSON and TORPY, JJ., concur.
NOTES
[1] See Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).
[2] Motion Pending Appeal. If an appeal is pending, a defendant or the state may file in the trial court a motion to correct a sentencing error. The motion may be filed by appellate counsel and must be served before the party's first brief is served. A notice of pending motion to correct sentencing error shall be filed in the appellate court, which notice automatically shall extend the time for the filing of the brief until 10 days after the clerk of circuit court transmits the supplemental record under Florida Rule of Appellate Procedure 9.140(e)(6).

(Emphasis supplied).