ALTENBERND, Chief Judge.
Dallas Rydberg appeals three concurrent sentences of 78.75 months’ imprisonment followed by three years of drug offender probation for three counts of burglary of a dwelling. The sentences were imposed after Mr. Rydberg admitted violating his probation in the three cases. On appeal, Mr. Rydberg challenges only his sentences. Unfortunately, Mr. Rydberg’s trial counsel did not raise and preserve these issues at sentencing, and his appellate counsel failed to file a motion to correct sentencing error pursuant to Florida Rule of Criminal Procedure 3.800(b)(2). These issues are therefore not preserved for our review. See Maddox v. State, 760 So.2d 89, 98 (Fla.2000); cf. Harvey v. State, 848 So.2d 1060 (Fla.2003) (performing direct review of a sentencing error that developed after the first brief was filed).
Mr. Rydberg’s appellate counsel argues that the issues now raised were preserved when Mr. Rydberg, pro se, filed a motion to correct illegal sentence pursuant to Florida Rule of ‘Criminal Procedure 3.800(a). This motion was filed after the notice of appeal but prior to the filing of the initial brief.
*573 For several reasons, the pro se motion did not preserve the sentencing issues argued on appeal. First, the pro se motion did not address all of the issues now raised by appellate counsel. Second, the specific procedures required by rule 3.800(b)(2), which are intended to provide notice to the appellate court, the trial court, and all parties and attorneys to the appeal of the pending motion to correct sentencing error, were not followed.[1] Thus the trial court did not rule on the merits of this motion but properly treated it as one filed pursuant to rule 3.800(a), as cited by Mr. Rydberg, and dismissed it because the trial court was divested of jurisdiction due to the pending appeal. See Martin v. State, 800 So.2d 363 (Fla. 4th DCA 2001).
We take this opportunity to remind all appellate counsel that it is an exercise in futility to brief sentencing issues if the issues have not been properly preserved. Since January 2000, appellate counsel have had the procedures set forth in rule 3.800(b)(2) available to ensure that sentencing issues are properly preserved before they are presented to the appellate court. See Amendments to Florida Rules of Criminal Procedure 3.111(e) and 3.800 and Florida Rules of Appellate Procedure 9.020(h), 9.14.0, and 9.600, 761 So.2d 1015 (Fla.1999). Nevertheless, this court continues to review cases like this one where unpreserved sentencing errors, some with apparent merit, are argued on appeal. See, e.g., Shea v. State, 884 So.2d 453 (Fla. 2d DCA 2004); Langley v. State, 848 So.2d 428 (Fla. 2d DCA 2003). This is a waste of the attorney’s time and the court’s resources. It may constitute ineffective assistance of appellate counsel, and it leaves the defendant to his own resources to seek a pro se postconviction motion to correct what may be an illegal or unlawful sentence.
We affirm the sentences imposed because there is no preserved sentencing error before this court for review. We do so without prejudice to any right Mr. Rydberg might have to file a proper postcon-viction motion regarding his sentences, particularly the imposition of drug offender probation for these crimes. Any motion should not be deemed successive based upon the trial court’s denial of Mr. Rydberg’s pro se motion to correct illegal sentence, as that motion was properly dismissed because it was filed at a time when the circuit court had been divested of jurisdiction to consider it due to the pending appeal.
Affirmed.
SALCINES and CANADY, JJ„ Concur.

. We note the rule was also intended to provide criminal defendants with counsel to assist them in correcting any error in their sentence before their sentence became final.