901 So.2d 994 (2005)
David W. PROCTOR, Appellant,
v.
STATE of Florida, Appellee.
No. 1D04-4638.
District Court of Appeal of Florida, First District.
May 12, 2005.
Nancy A. Daniels, Public Defender, and P. Douglas Brinkmeyer, Assistant Public Defender, Tallahassee, for appellant.
Charlie Crist, Attorney General, and Thomas D. Winokur, Assistant Attorney General, Tallahassee, for appellee.
PER CURIAM.
Pursuant to a plea agreement, appellant was sentenced to 20 months in prison, followed by three years of probation, on charges of fleeing or attempting to elude, leaving the scene of an accident with personal injuries, and misdemeanor driving under the influence. Court-appointed appellate counsel filed a brief pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), noting no reversible errors in the record. Thereafter, this court granted appellant an opportunity to file a pro se brief.
Prior to filing his pro se brief,[*] appellant requests that this court relinquish jurisdiction to the lower tribunal to allow him to file a pro se rule 3.800(b) motion regarding several scrivener's errors in the judgment and sentence. In response, the state argues that appellant's remedy is by way of rule 3.800(b)(2) as opposed to a motion to relinquish jurisdiction. The state contends that, in any event, appellant is not entitled to file a rule 3.800(b)(2) motion at this point because such a motion may only be filed "before the party's first brief is served." As the Public Defender has already served an initial brief in this case, which was the "party's first brief," appellant may no longer file a rule 3.800(b)(2) motion.
We treat appellant's pro se motion for relinquishing jurisdiction as a motion for leave to file a rule 3.800(b)(2) motion and *995 grant the motion. Florida Rule of Criminal Procedure 3.800(b)(2) provides that
If an appeal is pending, a defendant or the state may file in the trial court a motion to correct a sentencing error. The motion may be filed by appellate counsel and must be served before the party's first brief is served. A notice of pending motion to correct sentencing error shall be filed in the appellate court, which notice automatically shall extend the time for filing of the brief until 10 days after the clerk of circuit court transmits the supplemental record under Florida Rule of Appellate Procedure 9.140(f)(6).
Several district courts of appeal have strictly construed this time limitation. See Hill v. State, 890 So.2d 368 (Fla. 4th DCA 2004) (refusing to permit counsel to withdraw brief in favor of filing a rule 3.800(b)(2) motion); Lee v. State, 779 So.2d 341 (Fla. 2d DCA 2000).
However, strictly construing this rule regarding its time limitations in Anders cases presents a procedural quagmire. In Anders cases, counsel's brief merely states that counsel is unable to find meritorious arguments after a conscientious examination of the case and must request the appellate court to allow the indigent appellant to file a brief and continue the proceedings pro se. The United States Supreme Court in its Anders decision expressly provided for the indigent appellant to raise any points on appeal that he wished in a separate pro se brief. 386 U.S. at 744, 87 S.Ct. 1396. The Supreme Court clearly intended to allow the indigent appellant to continue with the proceedings pro se and any pro se points raised on appeal would supplement the exhaustive review done by the appellate court to the extent they were properly preserved. Id.
In the instant case, appellant seeks to correct three errors in the written judgment. A review of the record reveals that these errors are indeed scrivener's errors. However, this court would not be able to address the errors because, absent the trial court's ruling on a rule 3.800(b)(2) motion, these errors were not preserved. See Brannon v. State, 850 So.2d 452, 456 (Fla.2003).
To construe the filing of a rule 3.800(b)(2) motion after the filing of counsel's Anders brief as unauthorized under the rule itself, because it was not filed before the filing of the party's first brief, renders meaningless appellant's ability to file a pro se initial brief to the extent that sentencing errors are raised therein. In the case where appellate counsel filed an Anders brief but appellant wished to raise sentencing errors in his pro se brief that were not otherwise properly preserved for appeal, the outlet created by the Florida Supreme Court for preserving sentencing errors in rule 3.800(b) is no longer available.
Therefore, counsel's Anders brief should not be construed as the "party's first brief." To hold otherwise would prevent a pro se appellant from preserving alleged sentencing errors that had been missed by appointed counsel. In addition, allowing a pro se appellant to file a rule 3.800(b)(2) motion even in the face of an Anders brief would promote judicial efficiency by negating the necessity of appellant's filing a postconviction motion addressing the same issue.
The Fifth District Court of Appeal has held to the contrary. In Rodriguez v. State, 881 So.2d 671 (Fla. 5th DCA 2004), the Fifth District held that a pro se appellant may not file a rule 3.800(b)(2) motion to correct a sentencing error after the filing of an Anders brief. The court determined that rule 3.800(b)(2) only authorized this motion to be filed before the filing of the party's first brief, which was Rodriguez's *996 counsel's initial brief. Id. at 672. The Fifth District further held that the pro se rule 3.800(b)(2) motion was an unauthorized filing because he was still represented by counsel at the time of its filing. Cf. Lee v. State, 779 So.2d at 341 (Fla. 2d DCA 2000) (adopting the policy of striking pro se notices of pending motions to correct sentencing error when pro se appellants are represented by appointed counsel). Accordingly, as we determine that the Fifth District's decision elevates the language of the rule over the procedure required by Anders, we certify that our decision in the instant case conflicts with Rodriguez. To accept the view that the pro se filing of a rule 3.800(b) motion after the filing of an Anders brief by one's counsel renders the pro se filing unauthorized would eviscerate the spirit of Anders. The indigent litigant's right to raise his own points on appeal would become simply illusory if he was barred from filing a motion to properly preserve the issues on appeal raised within that pro se brief.
MOTION GRANTED; CONFLICT CERTIFIED.
ERVIN, BROWNING and LEWIS, JJ., concur.
NOTES
[*] Before this opinion could be issued, appellant filed his pro se initial brief in accordance with this Court's order directing service of the brief within 30 days. In his pro se brief, appellant addresses only the sentencing errors raised in the instant rule 3.800(b)(2) motion. Accordingly, as the pro se brief was filed merely in compliance with this Court's order, the initial brief as well as the schedule for the remaining briefs are held in abeyance pending the trial court's ruling on the rule 3.800(b)(2) motion.