ON APPELLANT’S MOTION TO WITHDRAW INITIAL BRIEF

PER CURIAM.
The Public Defender has filed an initial brief in this appeal from judgment and sentence imposed upon Terrill Paige. According to appellant’s brief, the trial court erred in denying a motion to suppress certain evidence.
Before the filing of the answer brief, the Public Defender moved this court to allow withdrawal of the initial brief so that a motion to correct sentencing error could be filed in the trial court in accordance with Florida Rule of Criminal Procedure 3.800(b)(2). The State of Florida has filed an objection to the granting of this motion.
The state argues that such a motion is to be served prior to service of the party’s first brief by the plain terms of rule 3.800(b)(2). Here, appellant has filed and served an initial brief and, accordingly, the rule 3.800(b)(2) remedy is foreclosed. The rule makes no provision for withdrawal of *10 a party’s brief if a sentencing error is discovered after service of the brief. We agree with appellee and align ourselves with Hill v. State, 890 So.2d 368 (Fla. 4th DCA 2004) in our interpretation of this rule.
We are aware that this court recently reached a different conclusion where the Public Defender filed an Anders brief on behalf of the appellant. The rationale for that decision, as set forth in Proctor v. State, 901 So.2d 994 (Fla. 1st DCA 2005), is inapplicable where, as here, a brief arguing for reversal has been filed by appellant. We therefore distinguish Proctor on that basis and limit the holding to its facts, where counsel has filed an Anders brief and the pro se appellant seeks to file a motion to correct sentencing error prior to the filing of his or her own brief.
Appellant’s motion to withdraw the initial brief is accordingly denied.
MOTION DENIED.
BARFIELD, DAVIS and HAWKES, JJ., concur.