912 So.2d 386 (2005)
Frank Anton BIZZELL, Appellant,
v.
STATE of Florida, Appellee.
No. 2D02-5724.
District Court of Appeal of Florida, Second District.
October 19, 2005.
*387 James Marion Moorman, Public Defender, and William L. Sharwell, Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Ronald Napolitano, Assistant Attorney General, Tampa, for Appellee.
LaROSE, Judge.
Frank Bizzell appeals the trial court's November 14, 2002, order revoking his probation in case 92-1323 and sentencing him to consecutive thirty-year prison terms for three counts of attempted sexual battery. This sentence was consecutive to a sentence imposed in a related case, 92-1322. After filing this appeal, but before filing an initial brief, Mr. Bizzell, pro se, moved to correct a sentencing error pursuant to Florida Rule of Criminal Procedure 3.800(b)(2). He asserted that the sentence in case 92-1323 could be no longer than the originally imposed concurrent twenty-year terms for each count. The trial court granted Mr. Bizzell's pro se motion. It entered an amended sentence of concurrent twenty-year prison terms for each count in case 92-1323, consecutive to the sentence in case 92-1322.
Subsequently, Mr. Bizzell's appellate counsel filed a substantively identical and timely rule 3.800(b)(2) motion to correct a sentencing error. Although the amended sentence was correct, appellate counsel noted that the trial court lacked jurisdiction to consider Mr. Bizzell's pro se rule 3.800(b)(2) motion because the appeal was pending. The trial court granted this motion, vacated the amended sentence, and ordered a status hearing for the purpose of resentencing.
The trial court's order vacating the amended sentence was correct, albeit for the wrong reason. See Robertson v. State, 829 So.2d 901, 906-07 (Fla.2002) (appellate court may affirm trial court ruling that "reaches the right result, but for the wrong reasons" as long as "there is any basis which would support the judgment in the record") (quoting Dade County Sch. Bd. v. Radio Station WQBA, 731 So.2d 638, 644 (Fla.1999)). The filing of a notice of appeal divests the trial court of rule 3.800(a) jurisdiction. Rydberg v. State, 891 So.2d 572, 573 (Fla. 2d DCA 2004). But, rule 3.800(b), under which Mr. Bizzell proceeded, allows the filing of a motion to *388 correct a sentencing error after a notice of appeal is filed but before the filing of the initial brief. Although Mr. Bizzell's initial pro se motion was timely, the trial court, nevertheless, should have stricken it because Mr. Bizzell had counsel at the time. See Logan v. State, 846 So.2d 472, 479 (Fla.2003); Coffelt v. State, 905 So.2d 269, 270 (Fla. 2d DCA 2005); Lee v. State, 779 So.2d 341, 342 n. 2 (Fla. 2d DCA 2000); Rodriguez v. State, 881 So.2d 671, 673 (Fla. 5th DCA 2004). Compare Lopez v. State, 905 So.2d 1045, 1047 (Fla. 2d DCA 2005) (exception for filing of pro se rule 3.800(b) motion after filing of appellate counsel's initial brief pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967)).
The rule 3.800(b)(2) motion filed by Mr. Bizzell's appellate counsel was authorized and timely. The trial court properly granted that motion, vacated the amended sentence, and anticipated resentencing for Mr. Bizzell. Accordingly, we remand to the trial court for entry of a new amended corrected judgment and sentence.
Affirmed and remanded.
WHATLEY and VILLANTI, JJ., Concur.