PER CURIAM.
 

 Appellant, Kevin J. Collins, appeals the trial court’s denial of his motion to correct an illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800(a). Collins contends the trial court improperly denied his motion as successive because an earlier motion raising the issues was null and void. We agree, and reverse and remand for the trial court to consider Collins’ rule 3.800(a) motion on the merits.
 

 Collins was convicted of burglary of a structure and grand theft following a jury trial and was sentenced as a violent career criminal to fifteen years’ 'incarceration on the burglary conviction, and five years’ incarceration on the grand theft conviction, the sentences to run concurrently. Collins appealed, filing an amended
 
 Anders
 

 [1]
 

 brief. After it was filed, Collins motioned this court to relinquish jurisdiction so he could file a motion to correct illegal sentence under rule 8.800(b)(2) in the trial court. Before receiving a ruling, he proceeded to file a rule 3.800(b)(2) motion in the trial court along with a notice of that filing in this court. Although we subsequently denied the motion to relinquish,
 
 [2]
 
 the trial court denied Collins’ rule 3.800(b)(2) motion.
 

 After some procedural wrangling, which is not relevant here, Collins filed the instant rule 3.800(a) motion asserting claims attacking his career criminal designation. The trial court denied this motion as successive based on Collins’ prior motions and direct appeal.
 
 [3]
 
 This was error because Collins’ initial rule 3.800(b)(2) motion was filed without leave of this court during the pendency of his direct appeal after his
 
 *792
 
 initial
 
 Anders
 
 brief was filed. Consequently, the filing was unauthorized and the trial court’s order denying the motion was null and void because it lacked jurisdiction.
 
 [4]
 

 See State v. McBride,
 
 848 So.2d 287 (Fla.2003) (rule 3.800(a) allows the filing of successive motions unless the claim raised in an earlier motion was previously adjudicated).
 

 REVERSED and REMANDED.
 

 LAWSON and COHEN, JJ., and PLEUS, JR., R., Senior Judge, concur.
 

 [1]
 

 .
 
 Anders v. California,
 
 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).
 

 [2]
 

 . At the time this order was entered, this court required rule 3.800(b)(2) motions to be filed prior to the filing of the public defender’s initial brief and required that notices of such filings be signed by counsel if filed prior to counsel withdrawing.
 
 See Rodriguez v. State,
 
 881 So.2d 671 (Fla. 5th DCA 2004). This court has recently receded from
 
 Rodriguez,
 
 and recognized that a rule 3.800(b)(2) motion may be filed while an
 
 Anders
 
 appeal is pending until the time a defendant is allowed to file a
 
 pro se
 
 brief and not when the public defender’s
 
 Anders
 
 brief is filed.
 
 See Tanzler v. State, 6
 
 So.3d 711 (Fla. 5th DCA 2009) (en banc).
 

 [3]
 

 .These sentencing issues were not raised in Collins' direct appeal or in his rule 3.850 motion.
 

 [4]
 

 . Presumably, the trial court was unaware that Collins' rule 3.800(b)(2) motion was untimely and this court denied his request to file a late motion, when it ruled on the current motion.