WHATLEY, Judge.
 

 Juan Martinez appeals from an order denying his motion to accredit jail time, which the postconviction court treated as a motion pursuant to Florida Rule of Criminal Procedure 3.800(a). We reverse the order because the postconviction court lacked jurisdiction to enter it.
 

 The judgment and sentence underlying Martinez’s motion was rendered on August 6, 2007. In an order dated September 26, 2008, this court granted Martinez a belated appeal of the judgment and sentence, with the order so dated serving as the notice of appeal. That appeal, number 2D08-4951, is currently pending in this court.
 

 Martinez filed his rule 3.800(a) motion on September 20, 2007. However, the postconviction court did not render its order denying the motion until December 29, 2008,
 
 after
 
 the date of the notice of appeal of the judgment and sentence. As a result of this timing, the postconviction court was without jurisdiction to enter the order on the rule 3.800(a) motion.
 
 See Bizzell v. State,
 
 912 So.2d 386, 387 (Fla. 2d DCA 2005) (“The filing of a notice of appeal divests the trial court of rule 3.800(a) jurisdiction.”);
 
 Martin v. State,
 
 800 So.2d 363 (Fla. 4th DCA 2001).
 

 We therefore reverse the postconviction court’s order denying Martinez’s motion with directions to the postconviction court to dismiss the motion without prejudice to Martinez to refile it once his direct appeal in 2D08-4951 is finalized.
 
 See Martin,
 
 800 So.2d 363.
 

 Reversed with directions.
 

 NORTHCUTT and FULMER, JJ., Concur.