PER CURIAM.
In this Anders[1] appeal, we affirm the appellant’s convictions and sentences. However, the written judgment in case 12-CF-1843 reflects a sentence of 10 years in prison for the offense of the attempted burglary of an unoccupied dwelling and the burglary of an unoccupied structure in counts I and II. The attempted burglary of an unoccupied structure is a third-degree felony punishable by a maximum of 5 years in prison. §§ 810.02(4)(a); 775.082(3)(c), Fla. Stat. (2012). Similarly, *257 the burglary of an unoccupied structure is a third-degree felony, also subject to a maximum sentence of 5 years in prison. §§ 810.02(3)(b); 777.04(4)(d)(l); 775.082(3)(c), Fla. Stat. (2012).
At sentencing, the trial court orally pronounced sentences of 5 years in prison for the third-degree felonies that were not habitualized. None of the offenses in case 12-CF-1843 were habitualized. Therefore, as the sentences imposed in counts I and II of this case were clearly the product of a scrivener’s error, the written judgment must be corrected to conform to the oral pronouncement. See Turner v. State, 770 So.2d 1288, 1288 (Fla. 1st DCA 2000) (affirming and remanding in an Anders appeal with instructions to conform the judgment to the oral pronouncement awarding credit for time served). Appellant need not be present for the correction of this clerical error.
AFFIRMED but REMANDED to correct the written sentence in case number 12-CF-1843 to reflect 5-year prison sentences as to counts I and II.
LEWIS, C.J., MARSTILLER and OSTERHAUS, JJ„ concur.

. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).