RAY, J.
Wilman R. Collando-Pena appeals his convictions for attempted first-degree murder with a firearm, and armed burglary of a dwelling with a firearm. In the initial brief filed pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), counsel could not argue in good faith that the trial court reversibly erred. Appellant elected not to file a brief on his own behalf. Based upon our full and independent review of the record, we find no fundamental or preserved reversible error. Accordingly, we affirm Appellant’s judgment and sentence, and write only to explain why the sentencing errors raised by Anders counsel in a motion to correct sentencing error filed after the period for initial briefing expired were not preserved for appellate review.
After appellate counsel filed the Anders brief, we issued a standard order allowing Appellant to file a pro se initial brief within thirty days. In that order, we stated that the failure to file a pro se brief within the time allotted would result in the presentation of this case to the panel for resolution. Appellant did not file a pro se brief, the thirty-day deadline passed, and this case was perfected and assigned.
At that point, we assumed the affirmative duty “to conduct[ ] a full and independent review of the record to discover any arguable issues apparent on the face of the record.” In re Appellate Court Response to Anders Briefs, 581 So.2d 149, 151 (Fla. 1991); see State v. Causey, 503 So.2d 321, 322-23 (Fla.1987). After identifying potentially meritorious issues relating to sentencing, we issued a Causey order directing counsel to file a supplemental brief specifically addressing these points. Rather than do so, Anders counsel filed a notice of having filed a motion to correct sentence in the trial court pursuant to Florida Rule of Criminal Procedure 3.800(b)(2), possibly prompted by counsel’s concerns that the sentencing errors were not properly preserved for appellate review.
An appellate court may only entertain a sentencing error if the issue has been preserved in the trial court through either an objection at the time of sentencing or a timely motion under Florida Rule of Criminal Procedure 3.800(b). Fla. R. App. P. 9.140(e); see Brannon v. State, 850 So.2d 452, 456 (Fla.2003). When the motion is filed during the pendency of an appeal, as it was in this case, rule 3.800(b)(2) provides as follows:
*231 Motion Pending Appeal. If an appeal is pending, a defendant or the state may file in the trial court a motion to correct a sentencing error. The motion may be filed by appellate counsel and must be served before the party’s fírst brief is served. A notice of pending motion to correct sentencing error shall be filed in the appellate court, which notice automatically shall extend the time for the filing of the brief until 10 days after the clerk of circuit court transmits the supplemental record under Florida Rule of Appellate Procedure 9.140(f)(6).
(italics in original, boldface added). This rule was intended “to give both parties a limited right to file a motion in the trial court during the initial stages of the appeal without requiring the appellate court to enter any order relinquishing jurisdiction.” Amendments to Fla. R. Crim. P. 3.111(e) & 3.800 and Fla. R. App. P. 9.020(h), 9.HO, and 9.600, 761 So.2d 1015,1018 (Fla. 1999) (quoting Emergency Pet. to Amend Fla. R. Crim. P. 3.800 and Fla. Rule of App. Pro. 9.020(h), 9.140, and 9.600 at 4) (emphasis added).
Specific to Anders appeals, we have held that the Anders brief is not the “party’s first brief,” for purposes of this time bar because the appellant is entitled to thereafter proceed pro se and file a merits brief. Proctor v. State, 901 So.2d 994, 995 (Fla. 1st DCA 2005). Accordingly, an appellant is permitted to file a motion to correct sentencing error in the trial court after the Anders brief is served but before the appellant’s pro se brief is served. See id.; cf. Paige v. State, 921 So.2d 9 (Fla. 1st DCA 2005) (on appellant’s motion to withdraw initial brief) (concluding, in a non-Anders direct appeal, that the filing/service of the initial brief foreclosed defendant’s right to pursue a rule 3.800(b)(2) remedy to correct sentencing error).
In this case, the motion to correct sentencing error was filed in the trial court after the Anders brief was served and after the time had elapsed for Appellant to timely file and serve a pro se brief.[1] Under these circumstances, we find that the motion is untimely. See Collins v. State, 17 So.3d 790, 791 n. 2 (Fla. 5th DCA 2009) (recognizing that a rule 3.800(b)(2) motion may be filed in the trial court while an Anders appeal is pending until the time elapses for the appellant to file a pro se brief).
The language in rule 3.800(b)(2) contemplates an end point after which time the trial court no longer has concurrent jurisdiction to correct sentencing errors during the pendency of an appeal. Once the period for filing and serving a pro se brief has expired, the appeal is perfected, and the appellate court assumes the duty under Anders and its Florida progeny to conduct an independent review for arguable issues apparent on the face of the record. While the trial court is generally the preferred venue for addressing sentencing errors, once the Anders review is triggered, judicial efficiency is best achieved by allowing this process to proceed to completion. Sanctioning an open-ended and indefinite time period for filing a 3.800(b)(2) motion in Anders appeals, where no pro se brief has been served, runs contrary to the limited nature of the right to correct and preserve sentencing errors in the trial court during the pen-dency of an appeal.
Having found no preserved errors for review, we affirm Appellant’s judgment and sentence, without prejudice to his right to seek timely collateral relief. See *232 Washington v. State, 814 So.2d 1187, 1189-90 (Fla. 5th DCA 2002).
ROWE and MARSTILLER, JJ., concur.

. Appellant’s motion to correct sentencing error was filed in the trial court approximately two months after the deadline for filing a pro se brief had passed.