IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

CHRISTOPHER S. BUSBEE,

     Appellant,

v.

STATE OF FLORIDA,

     Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D13-1993

Opinion filed May 15, 2015.

An appeal from an order of the Circuit Court for Santa Rosa County.
David Rimmer, Judge.

Nancy A. Daniels, Public Defender, and Steven L. Seliger, Assistant Public Defender, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, and Heather Flanagan Ross, Assistant Attorney General, Tallahassee, for Appellee.

PER CURIAM.

    In this Anders[1] appeal the appellant admitted to violating probation and pled

to 14 new felony offenses. Although this appeal was presented to us by appellate

counsel as "wholly frivolous" and meritless, among other sentencing issues two of

_____

[1]Anders v. California, 386 U.S. 738 (1967).

the sentences imposed are illegal and numerous other sentences in the written judgment do not comport with the oral pronouncement, which has resulted, in several situations, in illegal sentences in excess of the statutory maximum in the written judgment.

The appellant did not file a timely rule 3.800(b) motion to correct any errors. Due to the large number of errors, we think it best that, rather than affirm and remand this appeal for correction of the scrivener's errors[2], and direct the appellant that he may seek collateral relief to correct the illegal sentences, the better course is to affirm but without prejudice to the appellant seeking collateral relief to correct *all* of the sentencing errors. See A.L.B. v. State, 23 So. 3d 190 (Fla. 1st DCA 2009) (citing Washington v. State, 814 So. 2d 1187, 1189 (Fla. 5th DCA 2002), and stating that "[l]ike the Washington court, we conclude that the absence of any objection at the time of sentencing, followed by the failure to file a motion to correct sentencing error before the initial brief was filed, precludes correction of even 'fundamental' sentencing errors on direct appeal."); Starkes v. State, 10 So. 3d 1109 (Fla. 1st DCA 2009) (Benton, J., concurring) (concluding that because Starkes did not object at the time of sentencing, or file a rule 3.800(b) motion, this Court could not correct even fundamental sentencing errors on appeal); Collando-

---

[2] Bryant v. State, 124 So. 3d 256 (Fla. 1st DCA 2013) (affirming Anders appeal but remanding for correction of scrivener's errors where written sentences did not conform to the oral pronouncement).

Pena v. State, 141 So. 3d 229 (Fla. 1st DCA 2014) (explaining, in an Anders appeal in which a Causey order was issued after this Court identified a sentencing error, that a defendant could file a rule 3.800(b) motion in the trial court after the Anders brief had been filed, but before the appellant's pro se initial brief (if any) is filed, to have the lower court address sentencing errors; however, as this latter time had expired, the judgment and sentence were affirmed without prejudice to Collando-Pena seeking collateral relief).

We therefore affirm the appellant's judgment and sentences but without prejudice to his right to timely seek collateral relief.

WOLF, ROWE, and SWANSON, JJ., CONCUR.