IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

JUSTIN MATTHEW DUCKER,

    Appellant,

v.

STATE OF FLORIDA,

    Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D14-4539

Opinion filed March 2, 2016.

An appeal from the Circuit Court for Washington County.
Christopher N. Patterson, Judge.

Nancy A. Daniels, Public Defender, and Mark Graham Hanson, Assistant Public Defender, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, for Appellee.

PER CURIAM.

    This appeal was filed pursuant to Anders v. California, 386 U.S. 738 (1967).

Having reviewed the record, we affirm Appellant's convictions and sentences, but

we remand with directions to correct two apparent scrivener's errors in the judgment.

First, at trial, the court granted Appellant's motion for judgment of acquittal to the extent it reduced the offense of criminal mischief (count 4) from a first degree misdemeanor to a second degree misdemeanor. The jury also specifically found Appellant guilty of criminal mischief less than $200, which is a second degree misdemeanor. However, the written judgment reflects a conviction for count 4 as originally charged: a first degree misdemeanor. Accordingly, on remand, the trial court shall correct the judgment to reflect that count 4 is a second degree misdemeanor. See Clark v. State, 85 So. 3d 1190 (Fla. 1st DCA 2012) (affirming Anders appeal but remanding with directions to correct conviction in judgment); see also Bryant v. State, 124 So. 3d 256 (Fla. 1st DCA 2013) (affirming Anders appeal but remanding for correction of scrivener's error in sentence).

Second, at the sentencing hearing, the trial court orally designated Appellant as a habitual felony offender and prison releasee reoffender. However, the written judgment in the record on appeal does not reflect these designations. Accordingly, on remand, the trial court shall correct the judgment to conform to the oral pronouncement. See Bryant, 124 So. 3d at 257 (remanding for written judgment to conform to oral pronouncement); see also Marshall v. State, 78 So. 3d 72 (Fla 4th

DCA 2012) (stating that if there is no ambiguity in oral pronouncement, sentencing order must be corrected to reflect oral pronouncement).

Appellant need not be present for these ministerial corrections to the judgment.  See Walton v. State, 106 So. 3d 522, 529 (Fla. 1st DCA 2013) ("[A] defendant need not be present at resentencing if the error to be corrected is 'purely ministerial' or clerical, and involves no exercise of the court's discretion.").

AFFIRMED; REMANDED with instructions.

WETHERELL, RAY, and BILBREY, JJ., CONCUR.