IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

WILLIAM HENRY THOMAS, III,

    Appellant,

v.

STATE OF FLORIDA,

    Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D14-5544

Opinion filed April 28, 2016.

An appeal from the Circuit Court for Duval County.
James H. Daniels, Judge.

Nancy A. Daniels, Public Defender, and Mark Graham Hanson, Assistant Public Defender, Tallahassee, for Appellant, and Appellant, pro se.

Pamela Jo Bondi, Attorney General, Tallahassee, for Appellee.

PER CURIAM.

    This appeal is brought under Anders v. California, 386 U.S. 738, 87 S. Ct. 1396, 18 L.Ed. 2d 493 (1967). Upon review of the record, we find no preserved error warranting reversal. We affirm Appellant's judgment and sentence.

However, a review of the record reveals a possible sentencing error concerning the court's assessment of $100 in sheriff's investigative costs imposed pursuant to section 938.27, Florida Statutes (2010), as the court did not orally pronounce the discretionary cost at the sentencing hearing. Mills v. State, 177 So. 3d 984, 988 (Fla. 1st DCA 2015) (holding that the trial court erred in imposing the $100 sheriff's investigative cost "without notice or hearing and without specifically identifying it at sentencing"); Lippwe v. State, 152 So. 3d 782, 783 (Fla. 1st DCA 2014) (ruling that investigative fees pursuant to section 938.27(1), Florida Statutes, "must be requested on the record by the appropriate agency"); Kirkland v. State, 106 So. 3d 4, 4-5 (Fla. 1st DCA 2013) (holding that "the trial court should have orally pronounced the $100 investigative cost, as it is a discretionary cost and not a mandatory cost"). Because appellant did not preserve the error either by objecting during imposition of the sentence or by filing a motion to correct sentencing errors, this Court must affirm. See Ramos v. State, 156 So. 3d 591 (Fla. 1st DCA 2015). We do so without prejudice to appellant's right to file an appropriate post-conviction motion to correct any unpreserved sentencing errors. See id.; see also Collando-Pena v. State, 141 So. 3d 229 (Fla. 1st DCA 2014) (affirming appellant's judgment and unpreserved sentencing error "without prejudice to his right to seek timely collateral relief").

AFFIRMED.

LEWIS and WINOKUR, JJ., CONCUR; SWANSON, J., CONCURS IN RESULT ONLY.