IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

DEMETRIUS DALLAS,

     Appellant,

v.

STATE OF FLORIDA,

     Appellee.

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D16-0133

_____/

Opinion filed January 17, 2017.

An appeal from an order of the Circuit Court for Duval County.
Mallory D. Cooper, Judge.

Nancy A. Daniels, Public Defender, and Steven L. Seliger, Assistant Public Defender, Tallahassee, for Appellant; Demetrius Dallas, pro se, Appellant.

Pamela Jo Bondi, Attorney General, and Virginia C. Harris, Assistant Attorney General, Tallahassee, for Appellee.

PER CURIAM.

In this Anders[1] appeal, the state concedes that the trial court should not have relied upon both a prior felony conviction and a violation of probation of that same conviction as the two qualifying convictions necessary to support habitual felony

---

[1] Anders v. California, 386 U.S. 738 (1967).

offender ("HFO") enhancement of the appellant's instant sentence.[2]  It further agrees that the appellant must be resentenced.

We therefore reverse and remand for the appellant to be resentenced.  See State v. Collins, 985 So. 2d 985 (Fla. 2008) (explaining that allowing the state a second opportunity to prove qualification for HFO enhancement does not violate double jeopardy, and that as long as the sentence imposed at resentencing is not more severe there is no presumption of vindictiveness).  As the resentencing will not be a ministerial act and involves court discretion, the appellant must be present and represented by counsel.  See Jordan v. State, 143 So. 3d 335, 339 (Fla. 2014) (explaining that where the trial court has discretion regarding sentence imposition a defendant must be present); cf. Ducker v. State, 197 So. 3d 1095, 1096 (Fla. 1st DCA 2016) (Anders appeal in which the court stated that upon remand the appellant need not be present because the court's actions of correcting scrivener's errors would be purely ministerial).  The state may choose to again attempt to prove that the appellant meets the criteria for HFO enhancement.  See Collins at 994.

---

[2] The record indicates that although counsel improperly conceded that the felony offense and the violation of probation for the same offense could serve as the two necessary qualifying prior felony convictions, the appellant, himself, argued that they could not.

REVERSED AND REMANDED.

ROBERTS, C.J., JAY and WINSOR, JJ., CONCUR.