NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

R.L.F.,                                          )
                                                 )
                    Appellant,                   )
                                                 )
v.                                               )          Case No. 2D16-4255
                                                 )
STATE OF FLORIDA,                                )
                                                 )
                    Appellee.                    )
_____)

Opinion filed October 4, 2017.

Appeal from the Circuit Court for
Hillsborough County; Robert A. Bauman,
Judge.

Howard L. Dimmig, II, Public Defender, and
Carol J. Y. Wilson, Assistant Public
Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, for Appellee.

PER CURIAM.

In this Anders[1] appeal, R.L.F. appeals from a disposition order finding that

he committed delinquent acts, withholding adjudication of delinquency, and placing him

on juvenile probation until the age of nineteen with special conditions.  We affirm in all

_____
[1]Anders v. California, 386 U.S. 738 (1967).

respects but note that a possible sentencing error may exist in the actual disposition order.

The disposition order reflects that the trial court imposed a total of $200 in costs and fees, whereas the trial court's oral pronouncement of sentence imposed a total of $150 in "court costs." See W.S.G. v. State, 32 So. 3d 725, 726 (Fla. 2d DCA 2010) ("If a discrepancy exists between the written sentence and the oral pronouncement, the written sentence must be corrected to conform to the oral pronouncement." (quoting Guerra v. State, 927 So. 2d 248, 249 (Fla. 2d DCA 2006))). However, because R.L.F. failed to preserve this potential error by filing a motion to correct sentencing error, this court must affirm. See Thomas v. State, 190 So. 3d 222, 223 (Fla. 1st DCA 2016) (affirming without prejudice the defendant's sentence because even though the written sentence failed to comport with the trial court's oral pronouncement, the defendant failed to properly preserve the sentencing error). Our affirmance is without prejudice for R.L.F. to raise this possible sentencing error in an appropriate postconviction motion. See id.

Affirmed.

VILLANTI, KHOUZAM, and SLEET, JJ., Concur.