NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

CALEB FERNANDEZ, DOC #Y39282,      )
                                   )
    Appellant,                 )
                                   )
v.                                 )      Case No. 2D17-5100
                                   )
STATE OF FLORIDA,                  )
                                   )
    Appellee.                  )
_____    )

Opinion filed September 14, 2018.

Appeal pursuant to Fla. R. App. P.
9.141(b)(2) from the Circuit Court for
Lee County; Ramiro Mañalich, Judge.

Caleb Fernandez, pro se.

LaROSE, Chief Judge.

       Caleb Fernandez appeals the order denying his motion for jail credit filed

under Florida Rule of Criminal Procedure 3.801.  We reverse and remand for the

postconviction court to strike the motion.

       In October 2017, Mr. Fernandez filed a motion seeking "116 days or

more"[1] credit for jail time served in the Lee and Collier County jails.  The postconviction

---

       [1]Mr. Fernandez's motion can be interpreted as seeking "116 days or
more" credit for jail time served between July 2, 2014, and October 28, 2014, while he
was incarcerated in the Naples and Lee County jails.  We note that Mr. Fernandez did
not specify as required by rule 3.801(c)(3) "the dates, location of incarceration, and total
time for credit the defendant contends was not properly awarded."

court denied the motion as successive.  The postconviction court attached to its order memoranda submitted by the parties' counsel.  It also attached the trial court's late January 2017 order ruling that because Mr. Fernandez's Lee County sentences were ordered to run consecutively to his Collier County sentence, Mr. Fernandez was not entitled to credit for time served in his Lee County case while incarcerated in the Collier County jail awaiting disposition of that case.

Mr. Fernandez's motion was premature.  Rule 3.801(a) states: "A court may correct a <u>final</u> sentence that fails to allow a defendant credit for all of the time he or she spent in the county jail before sentencing as provided in section 921.161, Florida Statutes."  (Emphasis added.)  Mr. Fernandez filed a notice of appeal of his sentence in early June 2017.  Thus, at the time he filed his rule 3.801 motion, his direct appeal was pending here.[2]  Because Mr. Fernandez's sentence was not yet final, his motion was premature under rule 3.801.

The 2016 commentary to rule 3.801 explains that before a sentence is final, "defendants may avail themselves of all appropriate proceedings to litigate a jail credit issue, including direct appeal if properly preserved, a motion for rehearing, or a motion pursuant to rule 3.800(b)."  See <u>Brady v. State</u>, 43 Fla. L. Weekly D1507, D1507 (Fla. 2d DCA June 29, 2018) (holding that a motion seeking credit for jail time served prior to sentencing may be raised in a rule 3.800(b)(2) motion during the pendency of a direct appeal); <u>Ross v. State</u>, 221 So. 3d 1290, 1291 (Fla. 1st DCA 2017) (same). Because Mr. Fernandez did not properly file his motion under rule 3.801, the postconviction court should have treated the pro se motion as filed under rule

_____

[2]His direct appeal, case number 2D17-2371, remains pending.

3.800(b)(2), see Fenter v. State, 632 So. 2d 685, 686 n.1 (Fla. 2d DCA 1994) ("[C]ourts have the authority to treat prisoner petitions as if the proper remedy were sought if it would be in the interest of justice to do so."), and stricken it because Mr. Fernandez was represented by counsel in his direct appeal, see Bizzell v. State, 912 So. 2d 386, 388 (Fla. 2d DCA 2005) (holding that although the appellant's pro se rule 3.800(b)(2) motion was timely filed, the trial court should have stricken it because the appellant was represented by appellate counsel when he filed it).

Reversed and remanded.


MORRIS, J., Concurs.
LUCAS, J., Concurs with separate opinion.

LUCAS, Judge, Concurring separately.

Inasmuch as Mr. Fernandez's postconviction motion, filed while he was represented by counsel, should have been stricken as a nullity, I concur with the court's decision. Bizzell v. State, 912 So. 2d 386, 388 (Fla. 2d DCA 2005) resolves this appeal in its entirety. Because we do not need to parse a procedural rule's commentary to reach the result Bizzell dictates, I respectfully decline to join the remainder of the court's opinion. Cf. Dobson v. Crews, 164 So. 2d 252, 255 (Fla. 1st DCA 1964) ("It is the view of the writer of this opinion that an appellate court should confine its opinion to those statements of legal principles necessary for the solution of the particular question or questions involved in the appeal under consideration.").