NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

JOHNNY EDWARD SIMON,               )
                                  )
         Appellant,                )
                                  )
v.                                 )          Case No. 2D18-4967
                                  )
STATE OF FLORIDA,                  )
                                  )
         Appellee.                 )
_____   )

Opinion filed November 22, 2019.

Appeal from the Circuit Court for
Polk County; Keith Spoto, Judge.

Howard L. Dimmig, II, Public Defender, and
Megan Olson, Assistant Public Defender,
Bartow, for Appellant.

Ashley Moody, Attorney General,
Tallahassee, for Appellee.


LaROSE, Judge.


         Johnny Edward Simon appeals his judgment and sentences for battery on

a law enforcement officer (count 1) and resisting arrest with violence (count 2).  We

have jurisdiction.  See Fla. R. App. P. 9.140(b)(1)(A), (F).  Counsel filed a brief pursuant

to Anders v. California, 386 U.S. 738 (1967), advising that there are no issues of

arguable merit.  We agree and affirm Mr. Simon's judgment and sentences.  However,

upon our independent review of the record, we remand for correction of a scrivener's

error on count 2. See In re Anders Briefs, 581 So. 2d 149, 151 (Fla. 1991) (stating that upon counsel's submission of an Anders brief "[t]he appellate court then assumes the responsibility of conducting a full and independent review of the record to discover any arguable issues apparent on the face of the record").

In addressing Mr. Simon at the sentencing hearing, the trial court "f[ou]nd you qualify as a prison releasee reoffender on Count 2. I'm going to adjudicate you guilty and sentence you on . . . count 2 five years Florida State prison as a prison releasee reoffender."

On count 2, however, the written judgment and sentence in our record fails to include the orally pronounced PRR designation. "Consequently, remand is required to ensure that the written sentence comports with the trial court's oral pronouncement." Devlin v. State, 224 So. 3d 803, 804 (Fla. 2d DCA 2017); see, e.g., Ducker v. State, 197 So. 3d 1095, 1096 (Fla. 1st DCA 2016) ("[A]t the sentencing hearing, the trial court orally designated Appellant as a habitual felony offender and prison releasee reoffender. However, the written judgment in the record on appeal does not reflect these designations. Accordingly, on remand, the trial court shall correct the judgment to conform to the oral pronouncement.").

Correction of the scrivener's error on remand does not require Mr. Simon's presence. See Rodriguez v. State, 223 So. 3d 1053, 1055 (Fla. 2d DCA 2017); Nickerson v. State, 927 So. 2d 114, 117 (Fla. 2d DCA 2006) ("Generally speaking, a defendant need not be present or represented by counsel when the purpose of a resentencing is the performance of a ministerial-type function or the correction of a clerical error.").

Affirmed; remanded to correct scrivener's error.


MORRIS and ATKINSON, JJ., Concur.