# FIFTH DISTRICT COURT OF APPEAL
# STATE OF FLORIDA

_____

Case No. 5D2024-0070
LT Case No. 2022-302635-CFDB

_____

ERESTER MARKQUE ASHFORD,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____

On appeal from the Circuit Court for Volusia County.
Kathryn D. Weston, Judge.

Matthew J. Metz, Public Defender, and Natalie R. Gossett,
Assistant Public Defender, Daytona Beach, for Appellant.

Ashley Moody, Attorney General, Tallahassee, and Robin A.
Compton, Assistant Attorney General, Daytona Beach, for
Appellee.


November 8, 2024

ON APPELLANT'S MOTION TO STRIKE INITIAL BRIEF AND
TO PERMIT THE FILING OF A RULE 3.800(b)(2) MOTION TO
CORRECT ILLEGAL SENTENCE

SOUD, J.

While this appeal is pending, Appellant Erester Ashford has filed before us a motion to strike his initial brief so that he may file in the trial court a rule 3.800(b)(2) motion to correct illegal sentence. In short, Ashford seeks to file such a motion based on the United States Supreme Court's June 21, 2024 opinion in *Erlinger v. United States*, 602 U.S. 821 (2024). We deny Ashford's motion to strike his initial brief.

Florida Rule of Criminal Procedure 3.800(b)(2) allows either the State or a defendant to file a motion to correct sentencing error while an appeal is pending. However, that opportunity is limited, as the rule expressly requires that any such motion "*must* be served before the party's first brief is served." *See* Fla. R. Crim. P. 3.800(b)(2) (emphasis added). Thus, the plain language of rule 3.800(b)(2) "contemplates an end point after which time the trial court no longer has concurrent jurisdiction to correct sentencing errors during the pendency of an appeal." *See Collando-Pena v. State*, 141 So. 3d 229, 231 (Fla. 1st DCA 2014).

Here, Ashford filed and served his initial brief on May 22, 2024.[*] It was not until September 23, 2024, that Ashford filed his motion to strike his initial brief. Because Ashford has already served his initial brief in this case, "the rule 3.800(b)(2) remedy is foreclosed." *See Paige v. State*, 921 So. 2d 9 (Fla. 1st DCA 2005). Striking Ashford's initial brief as he requests would in effect "circumvent the express time frames designated by the rule." *See Hill v. State*, 890 So. 2d 368, 369 (Fla. 4th DCA 2004). This we will not do.

As a result, Ashford's motion is denied.

It is so ordered.


MacIver and Pratt, JJ., concur.

---

[*] The State filed and served its answer brief on June 20, 2024.

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____