BENTON, J.
On this direct appeal in a juvenile case, we affirm the disposition order committing A.L.B. to a moderate-risk facility despite a recommendation by the Department of Juvenile Justice that adjudication be withheld and that she be placed on probation. We do not affirm, however, without “misgivings and concerns,” Washington v. State, 814 So.2d 1187, 1189 (Fla. 5th DCA 2002), regarding whether the trial court complied with the strict standard set forth in E.A.R. v. State, 4 So.3d 614 (Fla.2009). See id. at 638 (requiring juvenile courts, in departure dispositions, to “[ajrticulate an understanding” and “[t]hen logically and persuasively explain why” departure is appropriate). These misgivings arise from uncertainty about the interplay of Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), State v. Causey, 503 So.2d 321 (Fla.1987), and Florida Rule of Juvenile Procedure 8.135(b)(2).
Like the Washington court, we conclude that the absence of any objection at the time of sentencing, followed by the failure to file a motion to correct sentencing error before the initial brief was filed, precludes correction even of “fundamental” sentencing errors on direct appeal. See 814 So.2d at 1189-90. See also Maddox v. State, 760 So.2d 89, 102, 110 (Fla.2000) (holding “improper habitualization” to be fundamental error, although not susceptible to correction on direct appeal after the “window period [following] the enactment of the Criminal Appeal Reform Act” had closed); Colon v. State, 869 So.2d 1290, 1290 (Fla. 4th DCA 2004) (affirming convictions and sentences because “unpre-served sentencing error cannot be corrected in an Anders case”). But a motion to correct sentencing error “may be filed by appellate counsel.” Fla. R.Crim. P. 3.800(b)(2). Similarly, as to motions for correction of disposition or commitment orders, Florida Rule of Juvenile Procedure 8.135(b)(2) provides that the “motion may be filed by appellate counsel and must be served before the party’s first brief is served.”
No such motion was filed in the present case. In a juvenile case that is closely analogous to the present case, we certified as questions of great public importance the following:
NOTWITHSTANDING MADDOX, SHOULD AN APPELLATE COURT CORRECT A SENTENCING ERROR *192 IN AN ANDERS CASE WHICH WAS NOT PRESERVED PURSUANT TO THE APPLICABLE RULES OF PROCEDURE? IF NOT, WHAT STEPS SHOULD AN APPELLATE COURT FOLLOW TO CARRY OUT THE MANDATES OF ANDERS AND CAU-SEY W SUCH A CASE?
A.F.E. v. State, 853 So.2d 1091, 1095 (Fla. 1st DCA 2003) (affirming departure disposition in Anders case despite error because appellant failed to preserve the issue for review on direct appeal). We certify the same questions in the present case.
Today’s affirmance is without prejudice to appellant’s right to seek relief collaterally, see Wilson v. State, 898 So.2d 191, 193 (Fla. 1st DCA 2005); Colon, 869 So.2d at 1290, although such relief may be of little practical use to appellant. See A.F.E., 853 So.2d at 1093 (“That a party may seek collateral relief ... is of little practical assistance in juvenile cases, where the sentence imposed may be completed before any relief is granted.”).
Affirmed. Questions certified.
KAHN and CLARK, JJ., concur.