ORFINGER, J.
 

 Nathaniel Beard was convicted of conspiracy to commit burglary of a dwelling (count 1) and conspiracy to commit robbery (count 2).
 
 [1]
 
 The trial court imposed a five year prison term on count 1, and a concurrent three-year prison term on count 2. Several weeks after sentencing, the trial court entered an amended judgment, changing the prison terms to run consecutively to each other rather than concurrently. The effect of the amended sentence was an increase in Beard’s prison time from five years to eight years.
 

 Beard subsequently filed a motion for clarification, which the trial court properly treated as a motion for relief under Florida Rule of Criminal Procedure 3.800(a). Beard contended that the trial court’s oral pronouncement and original sentence, which imposed concurrent prison terms, and the amended judgment, making the prison terms consecutive, created a discrepancy between the written and oral sentence. However, he did not attach a sentencing transcript to his motion. The trial court denied the motion, concluding that “while the judgment and sentence reflects that the sentence on count 2 was to run concurrent to count 1, a corrected sentence as to count 2 was filed ... re-fleeting that count 2 was to run consecutive to count 1.” Beard appeals, and the State concedes that remand is necessary to determine if there is indeed a discrepancy between the oral and written sentences. The State further concedes that should the sentencing transcript reveal a discrepancy between the oral and written sentences, the oral sentence is controlling.
 

 A written sentence that conflicts with the oral pronouncement of sentence imposed in open court is an illegal sentence.
 
 Williams v. State,
 
 957 So.2d 600, 603 (Fla.2007);
 
 Ashley v. State,
 
 850 So.2d 1265, 1268 (Fla.2003). When a discrepancy exists, the oral pronouncement controls over the written.
 
 See Williams,
 
 957 So.2d at 603. Once a sentence is imposed and the defendant begins to serve the sentence, that sentence may not be increased without running afoul of double jeopardy.
 
 See Ashley,
 
 850 So.2d at 1267.
 

 As in all motions filed under rule 3.800(a), the movant bears the burden to demonstrate a sentencing error apparent from the face of the record. In
 
 Williams,
 
 the supreme court held that
 

 since we have held that the oral pronouncement is, in effect, the controlling disposition, we also conclude that the oral imposition of sentence should at all times be considered a necessary part of the official record if a transcript of the sentencing proceeding is in the court file or, alternatively, a petitioner attaches a certified copy of the sentencing transcript to the rule 3.800(a) motion. In this way the burden remains with the petitioner to demonstrate an entitlement to relief on the face of the record. If the sentencing transcript is neither in the file nor attached to the motion, the motion should be denied without preju
 
 *188
 
 dice to the filing of an amended motion properly attaching the sentencing transcript.
 

 957 So.2d at 604. The record before us does not contain the transcript of the sentencing hearing nor was it attached to Beard’s motion or the trial court’s order. Consequently, we must remand the case to the trial court to determine if the transcript is in the record. If it is, the trial court shall either grant the relief that Beard seeks or attach portions of the sentencing transcript that refute Beard’s claim. If the transcript is not in the record, Beard’s motion shall be denied without prejudice to allow him to file an amended motion with the transcript attached.
 
 Id.
 

 REVERSED AND REMANDED.
 

 SAWAYA and JACOBUS, JJ., concur.
 

 [1]
 

 . Beard's convictions and sentences for armed burglary of a dwelling (count 3) and attempted burglary with a deadly weapon (count 4) are not at issue in this appeal.