PER CURIAM.
 

 In this
 
 Anders
 
 appeal,
 
 [1]
 
 appellate counsel advised this Court that in good faith, he could not argue that reversible error occurred in the trial court. Pursuant to the constitutional mandate of
 
 Anders,
 
 and the instruction of the Florida Supreme Court in
 
 State v. Causey,
 
 503 So.2d 321 (Fla.1987), we undertook an independent review of the record. Although we affirm the convictions and sentences, our review revealed a sentencing error that was not preserved by objection at sentencing or by motion to correct sentence. As a result, the issue is not preserved for appellate review and we are constrained to affirm.
 

 Andre Dunbar was convicted of two counts of attempted second-degree murder
 
 *55
 
 with a firearm, and two counts of robbery with a firearm. The jury also made a special finding that Dunbar discharged the firearm. On each count, Dunbar was sentenced to forty years imprisonment.
 
 [2]
 
 Attempted second-degree murder is a second-degree felony.
 
 See
 
 §§ 782.04(2), 777.04(4)(c), Fla. Stat. (2009). If, as in the instant case, the offense is committed with a firearm, the crime is reclassified to a first-degree felony pursuant to section 775.087(1)(b), subject to an enhanced sentence not to exceed thirty years.
 
 See Miller v. State,
 
 460 So.2d 373, 374 (Fla.1984);
 
 see also
 
 § 775.082(3)(b), Fla. Stat. (2009).
 

 The concurrent forty-year sentences that Dunbar received for his convictions of attempted second-degree murder are clearly in excess of the statutory maximum. However, sentencing errors that occur after the effective date of the amendments to Florida Rule of Criminal Procedure 3.800(b), even if formerly deemed fundamental or patent on the face of the record, cannot be reviewed by an appellate court if, as here, the issue was not raised at sentencing or in a timely post-sentencing proceeding pursuant to rule 3.800.
 
 See generally Maddox v. State,
 
 760 So.2d 89 (Fla.2000);
 
 Washington v. State,
 
 814 So.2d 1187 (Fla. 5th DCA 2002). Accordingly, we affirm Dunbar’s convictions and sentences without prejudice to his right to seek appropriate and timely postconviction relief.
 
 Wilson v. State,
 
 898 So.2d 191 (Fla. 1st DCA 2005);
 
 Lewis v. State,
 
 827 So.2d 1052 (Fla. 5th DCA 2002).
 

 AFFIRMED.
 

 ORFINGER, TORPY and EVANDER, JJ., concur.
 

 [1]
 

 .
 
 Anders v. California,
 
 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).
 

 [2]
 

 . The trial court also imposed the mandatory minimum term of twenty years pursuant to section 775.087(2)(a)2., Florida Statutes (2009), for discharge of a firearm.