GRIFFIN, J.
Dewayne R. McLendon [“McLendon”] appeals the denial of his Rule 3.800(a) motion in which he argued that sentences he received in Hernando County are illegal.
On October 23, 2007, the Defendant pled no contest to two counts of uttering a forged check and received two concurrent *388 terms of four years’ incarceration in Her-nando County.[1] Thirteen days later, he was sentenced in Hillsborough County for violation of probation.
On December 8, 2010, McLendon filed the instant rule 3.800(a) motion, asserting that his Hillsborough and his Her-nando County sentences are being applied consecutively by the Florida Department of Corrections in violation of his plea agreement. He contends that it was a condition of his plea agreement that his concurrent four-year sentences in Hernan-do County were to run concurrently with the Hillsborough sentence. This claim is not cognizable under rule 8.800(a) because a breach of a plea agreement does not make a sentence illegal. Claims of a plea agreement violation must be addressed by other procedural means, and it appears the time has passed for this to be done.
McLendon has, however, also asserted that the trial court announced at sentencing that the Hernando sentences were to be concurrent with the Hillsborough sentence. If such were indeed a part of the court’s sentence, we see no reason why the sentence should not be calculated as the Hernando County court intended.
In denying McLendon’s motion, on the ground that it was “illogical,” the trial court remarked in its order that the “record is of no avail” to McLendon. The court did not, however, attach any portion of it — not the plea agreement, the sentencing hearing, or the judgment and sentence. Nevertheless, as we explained in Beard, v. State, 27 So.3d 186 (Fla. 5th DCA 2010), in order for a rule 3.800(a) movant to comply with his special duty to demonstrate entitlement to relief on the face of the record, the lack of a transcript of the sentencing hearing is a gap that must be filled by the movant.
As in Beard, because the record before us does not contain the transcript of the sentencing hearing, nor was it attached to McLendon’s motion or the trial court’s order, we must remand the case to the trial court to determine if the transcript is in the record. If it is, the trial court shall either grant the relief requested or attach the portions of the sentencing transcript that refute McLendon’s claim. If the transcript is not in the record, McLendon’s motion shall be denied without prejudice to file an amended motion with the sentencing transcript and other necessary documents attached.
REVERSED and REMANDED.
TORPY and EVANDER, JJ., concur.

. McLendon did not appeal, nor has he sought timely rule 3.850 relief.