PER CURIAM.
 

 Michael Kline appeals the summary denial of his Rule 3.800(a) motion to correct illegal sentence. Because the written sentencing orders are inconsistent with the oral pronouncement at sentencing (as well as the terms of the plea agreement), we reverse.
 

 On January 27, 2010, Kline entered into a plea agreement to resolve three felony charges — felony fleeing or attempting to elude (Case No. 2009-CF-1198), dealing in stolen property (Case No. 2009-CF-1195), and violation of probation on a grand theft offense (Case No. 2009-CF-419). The plea agreement provided for Kline to receive a seven-year habitual felony offender (HFO) prison sentence in Case Number 2009-CF-1198 and concurrent five-year prison sentences on the other two charges. The trial court, consistent with the plea agreement, orally pronounced an HFO sentence only as to the felony charge in Case No. 2009-CF-1198. However, the written judgment(s) erroneously recited that Kline was sentenced as an HFO in all three cases.
 

 A written sentence that conflicts with the oral pronouncement and sentence imposed in open court is an illegal sentence, cognizable in a motion to correct illegal sentence.
 
 See Williams v. State,
 
 957 So.2d 600 (Fla.2007);
 
 Beard, v. State,
 
 27 So.3d 186 (Fla. 5th DCA 2010). On remand, the trial court shall correct the written judgment(s) to provide that Kline was sentenced as an HFO in Case No. 2009-CF-1198 only. The other issues raised by Kline are without merit.
 

 
 *642
 
 AFFIRMED in part; REVERSED, in part; REMANDED.
 

 ORFINGER, C.J., TORPY and EVANDER, JJ., concur.