84 So.3d 1242 (2012)
D.M., Appellant,
v.
STATE of Florida, Appellee.
No. 2D10-1401.
District Court of Appeal of Florida, Second District.
April 13, 2012.
*1243 James Marion Moorman, Public Defender, and Alisa Smith, Assistant Public Defender, Bartow, for Appellant.
Pamela Jo Bondi, Attorney General, Tallahassee, and Timothy A. Freeland, Assistant Attorney General, Tampa, for Appellee.
NORTHCUTT, Judge.
D.M., a juvenile, appeals disposition orders adjudicating him delinquent and committing him to a high-risk sexual offender program and an order denying his motions to withdraw his pleas. As we will explain, we must dismiss the appeal as to the disposition orders, but we reverse the denial of the motions to withdraw the pleas.
The State filed two petitions alleging D.M. was a delinquent child based on two incidents of lewd or lascivious molestation and one of harassing a witness. D.M. entered pleas of guilty to the charges on December 15, 2009, against the advice of counsel. The circuit court held a disposition hearing on January 5, 2010, and that day it entered written disposition orders adjudicating D.M. guilty of the charges and committing him to a high-risk sexual offender program until his 21st birthday. On January 15, 2010, D.M., through his attorney, filed motions to withdraw his pleas. The circuit court denied the motions on March 5, 2010. Fourteen days later, D.M. filed a notice of appeal challenging both the disposition of his cases and the denial of his motions to withdraw the pleas.
We cannot review the disposition orders for two reasons. First, the appeal is untimely. A child may appeal an order of adjudication of delinquency or any disposition order entered upon adjudication. §§ 985.534(1), 924.051, Fla. Stat. (2009); Fla. R.App. P. 9.145(b)(1). But the notice of appeal must be filed within 30 days of the rendition of the order. Fla. R.App. P. 9.110(b). Under rule 9.020(h)(1), rendition is tolled if a party timely files one of several specified, "authorized" motions. Among these is a motion "to withdraw a plea after sentencing pursuant to Florida Rule of Criminal Procedure 3.170(l)". D.M.'s motions to withdraw his pleas were not filed pursuant to rule 3.170(l) because that rule applies to criminal cases, not to delinquency proceedings.
In delinquency cases, motions to withdraw pleas are governed by Florida Rule of Juvenile Procedure 8.075(e), which provides that "[t]he court may for good cause shown at any time prior to the beginning of a disposition hearing permit a plea of guilty to be withdrawn. . . ." (Emphasis supplied.) The juvenile rules do not authorize moving to withdraw a plea after the disposition hearing. See P.W. v. State, 37 So.3d 969 (Fla. 1st DCA 2010) (stating that the juvenile rules do not authorize a motion to withdraw a plea after disposition); J.M.B. v. State, 750 So.2d 654 (Fla. 2d DCA 1999) (and cases cited therein). For that reason, the tolling provisions *1244 in rule 9.020(h) are not triggered by such a motion.
The disposition orders in this case were rendered when the signed, written orders were filed with the clerk of the court on January 5, 2010. Because their rendition was not tolled by an authorized motion, D.M.'s March 19, 2010, notice of appeal was untimely as to those orders, and we have no jurisdiction to review them.
The second impediment to our review of the disposition orders is that they were based on D.M.'s guilty pleas. The juvenile appellate rule, Fla. R.App. P. 9.145, does not provide an avenue for appealing an order entered as the result of a plea. See J.M.B., 750 So.2d at 655. Thus we turn to the criminal appellate rule to determine the proper appellate procedure. See Fla. R.App. P. 9.145(a) ("Appeal proceedings in juvenile delinquency cases shall be as in rule 9.140 except as modified by this rule."). Rule 9.140(b)(2) describes the situations under which a criminal defendant may appeal a guilty plea. D.M. claims that his pleas were involuntary for several reasons, but under rule 9.140(b)(2)(A)(ii)(c), the voluntariness of a plea may be raised on direct appeal only if preserved by a motion to withdraw the plea. See State v. T.G., 800 So.2d 204, 210 (Fla.2001); J.M.B., 750 So.2d at 655. As mentioned, the juvenile rules do not authorize the filing of such a motion after the disposition hearing.
Although it might seem that D.M. is caught in a Catch 22,[1] he is not. A juvenile wishing to challenge the voluntariness of a plea may do so by filing a petition for a writ of habeas corpus in the circuit court. See T.G., 800 So.2d at 213; D.E.R. v. State, 993 So.2d 1030 (Fla. 2d DCA 2008); J.M.B., 750 So.2d at 655. Thus, instead of moving to withdraw his pleas, D.M. could have preserved the question of whether his pleas were voluntary by filing a petition for a writ of habeas corpus. And instead of denying D.M.'s motions, the circuit court should have stricken them as unauthorized, cf. Williams v. State, 971 So.2d 258 (Fla. 2d DCA 2008), or treated them as habeas petitions.
Although we have no jurisdiction to review the delinquency judgments, rule 9.145(b)(2) confers jurisdiction to review "orders entered after adjudication." We reverse the denial of the unauthorized motions to withdraw the pleas and we remand with directions to strike the motions without prejudice to D.M. petitioning for writs of habeas corpus.
If D.M. chooses to file a habeas petition, the court hearing the petition should hold an evidentiary hearing to determine whether his pleas were in fact voluntary. See In re W.B., 428 So.2d 309 (Fla. 4th DCA 1983); cf. Molina v. State, 942 So.2d 1036 (Fla. 2d DCA 2006) (stating, in the context of a motion under Florida Rule of Criminal Procedure 3.850, that the court should hold an evidentiary hearing when the record does not conclusively rebut the defendant's assertions of involuntariness); Garcia v. State, 846 So.2d 660 (Fla. 2d DCA 2003) (discussing the need for an evidentiary hearing when a criminal defendant challenges the voluntariness of plea pursuant to rule 3.170(l)).
Dismissed in part, reversed in part, and remanded.
DAVIS and BLACK, JJ., Concur.
NOTES
[1] "[from the novel Catch 22 (1961) by J. Heller] a paradox in law, regulation, or practice that makes one a victim of its provisions no matter what one does." Webster's New World College Dictionary 231 (4th ed. 2004).