PER CURIAM.
Defendant was convicted of aggravated battery of a person over 65. The trial court sentenced him as a habitual violent felony offender under section 775.084(4)(b), Florida Statutes (2012), and a violent career criminal under section 775.084(4)(d). A defendant may be sentenced for one criminal conviction under only one recidivist category from section 775.084, even if the defendant meets the criteria for more than one. See Clines v. State, 912 So.2d 550 (Fla.2005). We affirm, however, because defendant did not object at sentencing or file a motion under Florida Rule of Criminal Procedure 3.800(b)(2). See A.L.B. v. State, 23 So.3d 190 (Fla. 1st DCA 2009). We certify the following question as we did in A.L.B.
NOTWITHSTANDING MADDOX, SHOULD AN APPELLATE COURT CORRECT A SENTENCING ERROR IN AN ANDERS CASE WHICH WAS NOT PRESERVED PURSUANT TO THE APPLICABLE RULES OF PROCEDURE? IF NOT, WHAT STEPS SHOULD AN APPELLATE COURT FOLLOW TO CARRY OUT THE MANDATES OF ANDERS AND CAU-SEY IN SUCH A CASE?
We AFFIRM defendant’s conviction and sentence without prejudice to his right to seek post-conviction relief. See Jones v. State, 964 So.2d 855 (Fla. 2d DCA 2007).
BENTON, PADOVANO, and ROBERTS, JJ., concur.