PER CURIAM.
In this Anders[1] appeal, C.C., a juvenile, appeals an order withholding adjudication and sentencing him to probation, following his plea to possession of marijuana. In our independent review of the record, we identify two errors, but affirm because they have not been preserved for appeal.
First, the trial court did not inquire into C.C.’s understanding of the rights he was waiving by entering the plea, nor did the trial court make any findings as to the voluntariness of the plea as required by Florida Rule of Juvenile Procedure 8.080. See also Koenig v. State, 597 So.2d 256, 258 (Fla.1992). Second, the trial court did not specify the duration of the probation term. One is unable to determine from the record whether the trial court intended an indefinite period of probation or whether by oversight it omitted to state the period of probation. See J.M.W. v. State, 935 So.2d 630, 631 (Fla. 2d DCA 2006). However, C.C. did not preserve these issues by filing a petition for writ of habeas corpus challenging the voluntariness of his plea or by moving to correct the disposition order. See DM. v. State, 84 So.3d 1242, 1244 (Fla. 2d DCA 2012); Fla. R. Juv. P. 8.135(b). Because these issues have not been preserved pursuant to Florida Rule of Appellate Procedure 9.140(b)(2)(A)(ii), we affirm without prejudice to C.C. seeking relief in the trial court.

Affirmed.

MAY and LEVINE, JJ., concur.
WARNER, J., concurs specially with opinion.

. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).