WARNER, J.,
concurring specially.
I concur in the affirmance. However, I would note that disposing of the sentencing issue in an Anders appeal as unpre-served is somewhat problematic. Appellate counsel should have brought the error to the attention of the trial court pursuant *218 to Florida Rule of Juvenile Procedure 8.135(b)(2), which allows for the filing of a motion to correct a disposition pending appeal. In A.F.E. v. State, 853 So.2d 1091 (Fla. 1st DCA 2003), a similar case, the First District noted that the function of Anders was to preserve the defendant’s Sixth Amendment right to counsel in an appeal as of right so that the review procedure “reasonably ensures that an indigent’s appeal will be resolved in a way that is related to the merit of that appeal.” Id. at. 1093 (quoting Smith v. Robbins, 528 U.S. 259, 276-77, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000)). The appellate court is required to conduct its own full and independent review of the record to assure that counsel has performed adequately even though no issues of arguable merit had been discovered. The court noted the dilemma when the court finds a fundamental sentencing error which has not been preserved by appellate counsel:
In Washington v. State, 814' So.2d 1187 (Fla. 5th DCA), rev. dismissed, 831 So.2d 675 (Fla.2002), the reviewing court discovered a fundamental sentencing error in an Anders appeal. Despite that fundamental sentencing error, - the Washington court concluded that it was constrained to affirm under Maddox v. State, 760 So.2d 89 (Fla.2000), the Criminal Appeal Reform Act of 1996, and the rules adopted to implement that act. 814 So.2d at 1189. The Washington court, however, reached such a conclusion “with misgivings and concerns for how [it] as an appellate court can faithfully carry out [its] constitutional duties pursuant to Anders and Causey.” Id. We share those misgivings and concerns. That a party may seek collateral relief, such as making a claim that he received an ineffective assistance of counsel, is of little practical assistance in juvenile cases, where the sentence imposed may be completed before any relief is granted.
Had appellate counsel found that a good faith basis existed to argue that appellant’s disposition was erroneous, competent counsel would have filed a motion pursuant to rule 8.135. Anders and its progeny suggest that an appellate court is not bound by counsel’s view of a case when an Anders brief is filed. In re Anders Briefs, 581 So.2d [149] at 151 [ (Fla.1991) ]; see also State v. Causey, 503 So.2d [321] at 322-323 [ (Fla.1987) ] (“While courts should not assume the role of appellate counsel, reversible error should not be ignored simply because an indigent appellant or a public defender failed to point it out.”). The question posed here is whether an appellate court likewise should not be bound by the consequence of counsel’s failure to file a motion under rule 8.135, lest independent appellate review under An-ders be frustrated.
A.F.E., 853 at 1093-94. The court certified the following question to the supreme court:
NOTWITHSTANDING MADDOX, SHOULD AN APPELLATE COURT CORRECT A SENTENCING ERROR IN AN ANDERS CASE WHICH WAS NOT PRESERVED PURSUANT TO THE APPLICABLE RULES OF PROCEDURE? IF NOT, WHAT STEPS SHOULD AN APPELLATE COURT FOLLOW TO CARRY OUT THE MANDATES OF ANDERS AND CAU-SEY IN SUCH A CASE?
Id. at 1095. It does not appear that a notice to invoke the jurisdiction of the supreme court was filed.
The court again faced the same issue in A.L.B. v. State, 23 So.3d 190 (Fla. 1st DCA 2009), and certified the same question as it had in A.F.E. It recently certified the same question in Powell v. State, 133 So.3d *219 594 (Fla. 1st DCA 2014). It does not appear from a check of the history of the case on Westlaw that a notice to invoke the jurisdiction of the supreme court was filed in A.L.B.[2]
The Fifth District has also taken the position of the First District that the failure to preserve a sentencing error by moving to correct pursuant to Florida Rule of Criminal Procedure 3.800(b) precludes the appellate court from raising the issue even in an Anders case. See Dunbar v. State, 35 So.3d 54, 54 (Fla. 5th DCA 2010). In Dunbar, the appellate court acknowledged that the sentence imposed was clearly in excess of the statutory maximum (by ten years), but it still could not be corrected, because appellate counsel had not filed a 3.800(b) motion to correct the sentence pending appeal. Id. at 55. Appellant was left to a postconviction remedy, a remedy that the defendant must pursue without the entitlement to counsel.
A remedy to the dilemma that the courts face in performing their review function under Anders, where a sentencing error is found but not preserved, may be to strike the Anders brief filed by counsel due to the failure to recognize the sentencing error. By striking the brief, it would be as though the initial brief had not been filed. Appellate counsel could then file a motion to correct the sentence, pending appeal, as is allowed prior to the filing of the initial brief pursuant to Rule 8.135(b)(2) and Rule 3.800(b)(2). The sentencing error would then either be resolved by the trial court or would be preserved as an issue for appeal. By striking the brief, the appellate court would be fulfilling its review duty under Anders without running afoul of the preservation issue precluding review. The supreme court should consider such a resolution if and when this issue is addressed upon one of the certified questions.

. It may be that the appellate court granted a motion to withdraw by the public defender after the Anders brief was filed, thus leaving the defendant without an attorney to file the notice to invoke the jurisdiction of the supreme court.