DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT
*July Term 2014*

**TABARIUS ARLINE,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

Nos. 4D13-3692 and 4D13-4457

[August 6, 2014]

Consolidated appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Marc Gold, Judge; L.T. Case Nos. 12010604CF10A and 12014039CF10A.

Carey Haughwout, Public Defender, and Ian Seldin, Assistant Public Defender, West Palm Beach, for appellant.

No appearance filed for appellee.

PER CURIAM.

We sua sponte consolidate these two appeals for all purposes, as the pleas and sentences in the two underlying cases were respectively accepted and imposed in a single hearing as part of a negotiated resolution. In both appeals, the defendant's appellate counsel has filed a motion to withdraw and supporting brief pursuant to *Anders v. California*, 386 U.S. 738 (1967).

We grant appellate counsel's motion to withdraw in both appeals and affirm the defendant's convictions and sentences. However, our affirmance is without prejudice to the appellant filing any appropriate postconviction motions directed to an unpreserved sentencing error which we have discovered in case no. 12014039CF10A.

The error which we have discovered in case no. 12014039CF10A is that the oral pronouncement of the sentences conflicts with the written sentences, and the written sentences are illegal. The plea agreement called for the circuit court to sentence the defendant as follows:

Count One, a third degree felony battery arising after a prior battery conviction, in violation of section 784.03(2), Florida Statutes (2012) – Five years as a prison releasee reoffender (PRR); and

Count Two, the third degree felony of false imprisonment, in violation of section 787.02(2), Florida Statutes (2012) – Five years and a day as a habitual felony offender (HFO).

The court orally pronounced appellant's sentences consistent with the plea agreement. However, the written sentences showed that the sentence for Count One was five years as a PRR *and as a HFO*, and that the sentence for Count Two was five years and a day, *without any HFO designation.*

The written sentence on Count One, sentencing the defendant as both a PRR and a HFO to the same period of incarceration, is illegal because the PRR Act (section 775.082(9), Florida Statutes (2012)) authorizes a court to deviate from the Act's sentencing scheme only to impose a greater period of incarceration. *See Grant v. State*, 770 So. 2d 655, 659 (Fla. 2000) ("[A] trial court is without authority to sentence a defendant to an equal sentence under the habitual felony offender statute, even where such sentence is imposed concurrently with the PRR sentence.") (internal quotation marks and brackets omitted).

The written sentence on Count Two, sentencing the defendant to more than five years in prison for a third degree felony without any HFO designation, is illegal because a person who has been convicted of a third degree felony may be punished "by a term of imprisonment not exceeding 5 years." § 775.082(3)(d), Fla. Stat. (2012).

Although the court's oral pronouncement of the sentences controls over the conflicting written sentences, the defendant may request correction of the illegal written sentences in either a Florida Rule of Criminal Procedure 3.850 motion or a Florida Rule of Criminal Procedure 3.800(a) motion, given that the sentencing error is clear from the face of the record. *See Williams v. State*, 957 So. 2d 600, 601 (Fla. 2007) ("[A] claim asserting a discrepancy between an oral and written sentence is cognizable in a rule 3.800(a) proceeding for correction of an illegal sentence.").

In sum, because the written sentencing error which we have discovered in case no. 12014039CF10A is unpreserved, we are compelled

2

to affirm the convictions and sentences in these consolidated cases. However, this affirmance is without prejudice for the defendant to file any appropriate postconviction motions to correct the error discussed above.

*Affirmed without prejudice.*[1]

WARNER, CIKLIN and GERBER, JJ., concur.

\*     \*     \*

**_Not final until disposition of timely filed motion for rehearing._**

---

[1] We again urge our supreme court to consider a procedure allowing an appellate court to: (1) strike an *Anders* brief due to appellate counsel not raising a sentencing error; and (2) allow appellate counsel to file Florida Rule of Criminal Procedure 3.800(b)(2) motion to correct the sentence, pending appeal, before the filing of the initial brief. The sentencing error then either would be resolved by the trial court or would be preserved as an issue for appeal. *See C.C. v. State*, 138 So. 3d 1037 (Table) (Fla. 4th DCA 2014) (Warner, J., concurring specially).