PER CURIAM.
In this Anders [1] appeal, we affirm the judgment and sentence. However, our independent review of the record pursuant to State v. Causey, 503 So.2d 321 (Fla. 1987), revealed a sentencing error. The trial judge orally sentenced Appellant to serve 20 years in the Department of Corrections (“DOC”) as a habitual felony offender, with a minimum mandatory of 15 years in the DOC as a prison releasee reoffender. However, the sentence, as written, imposes the 20-year sentence, but makes no mention of the 15-year minimum mandatory sentence. The oral pronouncement of sentence controls over the written sentence. Beard, v. State, 27 So.3d 186, 187 (Fla. 5th DCA 2010) (citing Williams v. State, 957 So.2d 600, 603 (Fla.2007)).
Nevertheless, “sentencing errors that occur after the effective date of the amendments to Florida Rule of Criminal Procedure 3.800(b) ... cannot be reviewed by an appellate court if, as here, the issue was not raised at sentencing or in a timely post-sentencing procedure pursuant to rule 3.800.” Dunbar v. State, 35 So.3d 54, 55 (Fla. 5th DCA 2010) (citations omitted). The judgment and sentence is, therefore, affirmed without prejudice to Appellant’s right to file a motion pursuant to Florida Rule of Criminal Procedure 3.800(a). See id.; Polite v. State, 847 So.2d 1156 (Fla. 5th DCA 2003).
AFFIRMED.
ORFINGER, WALLIS and LAMBERT, JJ., concur.

. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).