IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

JOHN A. RAMOS,

      Appellant,

v.

STATE OF FLORIDA,

      Appellee.

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D13-6041

_____/

Opinion filed February 5, 2015.

An appeal from the Circuit Court for Duval County.
Kevin A. Blazs, Judge.

Nancy A. Daniels, Public Defender, and A. Victoria Wiggins, Assistant Public Defender, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, for Appellee.

PER CURIAM.

This appeal is brought under *Anders v. California*, 386 U.S. 738 (1967). Having reviewed the record on appeal, we affirm Appellant's conviction for aggravated battery while in actual possession of a firearm and the ten-year mandatory minimum sentence the trial court imposed.

However, the record reveals potential errors in the imposition of costs and fees, and a discrepancy between the total amount orally announced and the total reflected in the written judgment and sentence. In order to reverse for sentencing errors in an *Anders* appeal, the appellant must have preserved the errors either by objecting when the sentence was imposed or by filing a motion to correct sentencing errors. *See A.L.B. v. State*, 23 So. 3d 190, 191 (Fla. 1st DCA 2009). Appellant did neither in this case; therefore we must affirm. But we do so without prejudice to his hereafter filing an appropriate post-conviction motion. *See A.L.B.*, 23 So. 3d at 192 ("Today's affirmance is without prejudice to appellant's right to seek relief collaterally[.]"); *Colon v. State*, 869 So. 2d 1290, 1290 (Fla. 4th DCA 2004).

LEWIS, C.J., CLARK and MARSTILLER, JJ., CONCUR.