PER CURIAM.
In this Anders[1] appeal, we affirm the judgments and sentences. However, our independent review of the record, pursuant to State v. Causey, 503 So.2d 321 (Fla.1987), revealed a scrivener’s error. In Case No. 2013-102199-CF, the trial judge orally sentenced Appellant to serve eight years in the Department of Corrections to be followed by two years of drug offender probation for Count I, dealing in stolen property. However, while the written sentence on this count imposed the eight-year incarceration sentence, it made no mention of the probationary sentence.
“A written sentence that conflicts with the oral pronouncement of sentence imposed in open court is an illegal sentence.” Beard v. State, 27 So.3d 186, 187 (Fla. 5th DCA 2010) (citing Williams v. State, 957 So.2d 600, 603 (Fla.2007)). “When a discrepancy exists, the oral pronouncement of sentence controls over the written” sentence. Id. Nevertheless, “sentencing errors that occur after the effective date of the amendments to Florida Rule of Criminal Procedure 3.800(b) ... cannot be reviewed by an appellate court if, as here, the issue was not raised at sentencing or in a timely post-sentencing procedure pursuant to rule 3.800.” Dunbar v. State, 35 So.3d 54, 55 (Fla. 5th DCA 2010). The judgments and sentences are therefore affirmed without prejudice to either party filing a motion in Case No. 2013-102199-CF pursuant to. Florida Rule of Criminal Procedure 3.800(a). See id.
AFFIRMED.
WALLIS, LAMBERT and EDWARDS, JJ., concur.

. Anders v. California, 386 U.S. 738 (1967).