# Supreme Court of Florida

_____

No. SC14-593
_____

**TYRONE K. POWELL,**
Petitioner,

vs.

**STATE OF FLORIDA,**
Respondent.

[June 11, 2015]

PER CURIAM.

We initially accepted jurisdiction under article V, section 3(b)(4) of the

Florida Constitution to review Powell v. State, 133 So. 3d 594 (Fla. 1st DCA

2014), in which the First District Court of Appeal certified the following questions

to be of great public importance:

> NOTWITHSTANDING MADDOX, SHOULD AN APPELLATE
> COURT CORRECT A SENTENCING ERROR IN AN ANDERS
> CASE WHICH WAS NOT PRESERVED PURSUANT TO THE
> APPLICABLE RULES OF PROCEDURE?  IF NOT, WHAT STEPS
> SHOULD AN APPELLATE COURT FOLLOW TO CARRY OUT
> THE MANDATES OF ANDERS AND CAUSEY IN SUCH A
> CASE?

After further consideration, we conclude that review was improvidently

granted.  Accordingly, we dismiss review.

It is so ordered.

LABARGA, C.J., and LEWIS, QUINCE, CANADY, POLSTON, and PERRY, JJ.,
concur.
PARIENTE, J., dissents with an opinion.

NO MOTION FOR REHEARING WILL BE ALLOWED.

PARIENTE, J., dissenting.

I dissent from the dismissal of this case.  Because the First District Court of

Appeal certified a question of great public importance for this Court's review, we

clearly have jurisdiction.  See art. V, § 3(b)(4), Fla. Const.

The totality of the First District's opinion states as follows:

> Defendant was convicted of aggravated battery of a person over
> 65.  The trial court sentenced him as a habitual violent felony offender
> under section 775.084(4)(b), Florida Statutes (2012), and a violent
> career criminal under section 775.084(4)(d).  A defendant may be
> sentenced for one criminal conviction under only one recidivist
> category from section 775.084, even if the defendant meets the criteria
> for more than one.  See Clines v. State, 912 So. 2d 550 (Fla. 2005).
> We affirm, however, because defendant did not object at sentencing or
> file a motion under Florida Rule of Criminal Procedure 3.800(b)(2).
> See A.L.B. v. State, 23 So. 3d 190 (Fla. 1st DCA 2009).  We certify
> the following question as we did in A.L.B.:
>
>> NOTWITHSTANDING MADDOX, SHOULD
>> AN APPELLATE COURT CORRECT A
>> SENTENCING ERROR IN AN ANDERS CASE
>> WHICH WAS NOT PRESERVED PURSUANT TO
>> THE APPLICABLE RULES OF PROCEDURE?  IF
>> NOT, WHAT STEPS SHOULD AN APPELLATE

- 2 -

COURT FOLLOW TO CARRY OUT THE
MANDATES OF <u>ANDERS</u> AND <u>CAUSEY</u> IN SUCH
A CASE?

We AFFIRM defendant's conviction and sentence without prejudice to his right to seek post-conviction relief. <u>See</u> <u>Jones v. State</u>, 964 So. 2d 855 (Fla. 2d DCA 2007).

<u>Powell v. State</u>, 133 So. 3d 594, 594 (Fla. 1st DCA 2014).

While the First District did not mention, in the body of its opinion, that this was an <u>Anders</u> case, there is no doubt that the First District passed on the certified question involving the <u>Anders</u> issue. Instead of addressing the sentencing error, which it explicitly recognized, the First District required this defendant to seek postconviction relief to correct the error, relying on <u>A.L.B. v. State</u>, 23 So. 3d 190 (Fla. 1st DCA 2009). <u>A.L.B.</u> was an <u>Anders</u> case involving a juvenile offender, in which the First District expressed misgivings about what to do when a sentencing error was discovered in this context. In fact, in <u>A.L.B.</u>, the First District certified the same question as in this case, ultimately determining that it lacked the authority to correct a sentencing error based on the interplay between <u>Anders v. California</u>, 386 U.S. 738 (1967); <u>State v. Causey</u>, 503 So. 2d 321 (Fla. 1987); and the applicable Florida rules of procedure for correcting sentencing errors.

The certified question has been troubling appellate courts for some time—how to deal with obvious sentencing errors discovered by the appellate courts in <u>Anders</u> cases. The problem, and the appellate courts' frustration, arises from this

Court's strict adherence to the notion that fundamental sentencing errors should not be addressed on direct appeal without a motion being first filed under Florida Rule of Criminal Procedure 3.800(b) or, in juvenile cases, under the equivalent rule, Florida Rule of Juvenile Procedure 8.135(b)(2). These provisions allow the defendant's attorney, upon discovering an unpreserved sentencing error, to file a motion in the trial court to correct the error, and then if denied, to appeal that denial as part of the direct appeal. However, this Court's attempt to simplify the process by which sentencing errors are corrected, and avoid thrusting defendants into the rough waters of the postconviction process oftentimes unaided by an attorney, is frustrated if the defendant's attorney does not recognize the sentencing error—or, as here, sees no error worthy of appellate review.

What has occurred, however, is that appellate courts, diligent in their review, discover these sentencing errors and want to correct them, but surmise that they are boxed in by our prior jurisprudence and unable to do so. Thus, when a sentencing error has been discovered during an Anders review, the courts generally issue an opinion noting the apparent unpreserved sentencing error, but affirm without prejudice for the issue to be raised in an appropriate postconviction motion.[1] At

---

[1]. See, e.g., Conley v. State, 146 So. 3d 1266, 1266 (Fla. 5th DCA 2014); Arline v. State, 155 So. 3d 1158, 1160 (Fla. 4th DCA 2014); Dunbar v. State, 35 So. 3d 54, 54 (Fla. 5th DCA 2010); Geftos v. State, 12 So. 3d 910, 912 (Fla. 4th DCA 2009); Woodard v. State, 6 So. 3d 726, 727 (Fla. 2d DCA 2009); Young v. State, 988 So. 2d 1128, 1129 (Fla. 2d DCA 2008); Nunez v. State, 912 So. 2d 693,

times, though, some of the appellate courts have expressed concerns that such an outcome leaves an indigent defendant to attempt to have the error corrected without the assistance of appointed postconviction counsel.

In three prior instances, appellate courts attempted to have this question answered, but this Court has yet to do so based on procedural reasons. The Fifth District first expressed its "misgivings and concerns" in Washington v. State, 814 So. 2d 1187, 1189-90 (Fla. 5th DCA 2002), and certified to this Court essentially the same question certified in Powell. However, review was ultimately dismissed based on a motion for voluntary dismissal. Washington v. State, 831 So. 2d 675 (Fla. 2002) (table decision). The same question certified in Powell was also previously certified by the First District in two juvenile cases. See A.L.B., 23 So. 3d at 191-92; A.F.E. v. State, 853 So. 2d 1091, 1095 (Fla. 1st DCA 2003). In those cases, the First District was especially concerned about leaving unpreserved sentencing errors (or, more precisely, "disposition errors") to be dealt with in postconviction proceedings in juvenile cases due to the likelihood of a juvenile sentence being completed before the juvenile is able to obtain collateral relief. See

---

693 (Fla. 2d DCA 2005); Colon v. State, 869 So. 2d 1290, 1290 (Fla. 4th DCA 2004); Washington v. State, 814 So. 2d 1187, 1189 (Fla. 5th DCA 2002).

A.L.B., 23 So. 3d at 191-92; A.F.E., 853 So. 2d at 1095. It does not appear that a notice to invoke the jurisdiction of this Court was filed in either A.L.B. or A.F.E.

Other appellate judges, in concurring opinions, have expressed similar concerns in affirming sentences involving unpreserved sentencing errors in Anders cases, especially those involving juveniles. See C.C. v. State, 150 So. 3d 216, 217 (Fla. 4th DCA 2014) (Warner, J., concurring specially) (describing as "somewhat problematic" the disposal of a disposition error in a juvenile Anders appeal on the basis that it was unpreserved); Starkes v. State, 10 So. 3d 1109, 1109 (Fla. 1st DCA 2009) (Benton, J., concurring) (expressing "misgivings aris[ing] from uncertainty about the interplay" of Anders, Causey, and rule 3.800(b)(2)).

Recently, in Arline v. State, 155 So. 3d 1158, 1159 (Fla. 4th DCA 2014), the Fourth District Court of Appeal considered an Anders appeal in which the appellant entered a negotiated plea to two charged counts. Although the plea was negotiated and the oral pronouncement of the sentences was consistent with the plea agreement, the written sentences as to both counts were inconsistent with the oral pronouncements and both sentences were illegal. Id. at 1159-60. However, because the errors were unpreserved by a rule 3.800 motion, the district court was compelled to affirm the convictions and sentences without prejudice for the appellant to seek correction of the error by filing the appropriate postconviction motion. Id. at 1160. In a footnote, the Fourth District urged this Court

to consider a procedure allowing an appellate court to: (1) strike an Anders brief due to appellate counsel not raising a sentencing error; and (2) allow appellate counsel to file [a] Florida Rule of Criminal Procedure 3.800(b)(2) motion to correct the sentence, pending appeal, before the filing of the initial brief.

Id. at 1160 n.1. This is a sensible approach and the one urged by the State.

Another sound approach would be for the appellate court, upon discovery of an apparent unpreserved sentencing error during an Anders review, to issue an order alerting counsel to that fact and granting the appellant leave to file a motion under rule 3.800(b)(2) in the trial court within fifteen days.[2] If the appellant does not file a motion within the fifteen-day period (or if the appellant files a notice of his or her desire to waive the apparent error), the appellate court would then proceed to follow Anders procedures and simply treat the error as unpreserved and not subject to correction. Once an order alerting counsel to the apparent error identified by the appellate court is issued, the parties should be encouraged to cooperate with each other to determine whether there is agreement as to the presence of the error and the proper remedy.[3]

---

2. Fifteen days is suggested because rule 3.800(b)(2) requires a response within fifteen days of the filing of a motion under the rule either admitting or denying the sentencing error.

3. This is consistent with the Court Commentary to rule 3.800(b), which indicates that "trial courts and counsel are strongly encouraged to cooperate to resolve these motions as expeditiously as possible because they delay the appellate process."

If the parties agree that there is a sentencing error that the appellant is entitled to have corrected and they agree on the proper remedy, the parties should enter a stipulation acknowledging that the error was made and advising the appellate court of the stipulated remedy. Under these circumstances, it would be necessary for the State to include in the stipulation a waiver of the appellant's failure to preserve the error. This would permit the appellate court to dispose of the matter, despite the fact that it was not preserved in the trial court, and without requiring the error to perpetuate until it can be resolved during postconviction proceedings.

Clearly, this is an issue that should be resolved by this Court. Either the approach suggested by the Fourth District or the alternative approach suggested here would be faithful to rule 3.800(b)(2), as well as to Anders. Although this Court is referring this issue to the appropriate rules committees for recommendations, I urge appellate courts in the interim to take these steps to ensure compliance with the intent and purpose of rule 3.800(b)(2).

Application for Review of the Decision of the District Court of Appeal - Certified Great Public Importance

     First District - Case No. 1D13-1565

     (Duval County)

Henry Gerome Gyden of the Anderson Law Group, P.A., Clearwater, Florida,

     for Petitioner

Pamela Jo Bondi, Attorney General, Trisha Meggs Pate, Bureau Chief, and Joshua Ryan Heller, Assistant Attorney General, Tallahassee, Florida,

for Respondent