IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

RICHARD S. DAVIS,

     Appellant,

 v.                                                                          Case No.  5D16-269

STATE OF FLORIDA,

     Appellee.

_____/

Opinion filed October 14, 2016

3.800 Appeal from the Circuit Court
for Brevard County,
Charles J. Roberts, Judge.

Richard S. Davis, Wewahitchka, pro se.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Andrea K. Totten,
Assistant Attorney General, Daytona
Beach, for Appellee.


PER CURIAM.

     Richard S. Davis appeals the trial court's summary denial of his Florida Rule of

Criminal Procedure 3.800(a) motion to correct illegal sentence.  We affirm.  However, as

to Davis' claim that the written sentence does not conform to the trial court's oral

pronouncement, our affirmance is without prejudice to his ability to file an amended

motion raising the same claim, while specifying in that claim the date of the sentencing hearing to which he is referring.[1]

AFFIRMED.

BERGER, WALLIS and EDWARDS, JJ., concur.

---

[1] Should Davis decide to refile his motion, he must attach to it a copy of the transcript. See McLendon v. State, 58 So. 3d 387, 388 (Fla. 5th DCA 2011) ("[A]s we explained in Beard v. State, 27 So. 3d 186 (Fla. 5th DCA 2010), in order for a rule 3.800(a) movant to comply with his special duty to demonstrate entitlement to relief on the face of the record, the lack of a transcript of the sentencing hearing is a gap that must be filled by the movant. . . . If the transcript is not in the record, McLendon's motion shall be denied without prejudice to file an amended motion with the sentencing transcript and other necessary documents attached." (emphasis omitted)).