DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**D.L.T.,** a child,
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D18-2528

[June 5, 2019]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Charles A. Schwab, Judge; L.T. Case Nos. 562015CJ000950C, 562016CJ001017A, 562017CJ000886A, 562018CJ000260A, 562018CJ000384A, 562018CJ000388A and 562018CJ000501A.

Carey Haughwout, Public Defender, and Patrick B. Burke, Assistant Public Defender, West Palm Beach, for appellant.

Ashley B. Moody, Attorney General, Tallahassee, and Melanie Dale Surber, Assistant Attorney General, West Palm Beach, for appellee.

CONNER, J.

D.L.T., a child, appeals his disposition entered below in which the trial court departed from the recommendation for disposition by the Department of Juvenile Justice ("DJJ"). DJJ's predisposition report recommended commitment to a non-secure facility. The trial court committed D.L.T. to a high-risk commitment program, after determining he violated probation in multiple ways, including new law violations. At the time of disposition, D.L.T. was on probation for seven cases.

On appeal, D.L.T. argues that the trial court's explanation for departing from the DJJ's recommendation was inadequate under *E.A.R. v. State*, 4 So. 3d 614 (Fla. 2009). Specifically, he contends the trial court failed to articulate the potential lengths of stay associated with each level of restrictiveness, as well as the trial court's understanding of the treatment programs and services available at the various levels. Our review of the record confirms D.L.T.'s argument is correct. The problem is the record

does not reflect that the defense preserved this particular argument which is now made for the first time on appeal.

Generally, "unpreserved claims of error cannot be raised on appeal absent fundamental error." *State v. Kettell*, 980 So. 2d 1061, 1068 (Fla. 2008) (citing *Castor v. State*, 365 So. 2d 701, 703 (Fla. 1978)). Although failure to comply with *E.A.R.* constitutes fundamental error, the absence of any objection at the time of disposition, followed by the failure to file a motion to correct a disposition error pursuant to Florida Rule of Juvenile Procedure 8.135(b), precludes consideration even of fundamental disposition errors on direct appeal. *C.C. v. State*, 150 So. 3d 216, 217 (Fla. 4th DCA 2014); *A.L.B. v. State*, 23 So. 3d 190, 191 (Fla. 1st DCA 2009) (affirming disposition despite fundamental error due to noncompliance with *E.A.R.*).

However, we write to remind trial judges of what we said in *D.V. v. State*, 216 So. 3d 3 (Fla. 4th DCA 2017):

> In *E.A.R.*, the supreme court reined in the discretion of trial judges to deviate upward from the DJJ recommendations by requiring a significant level of detail supported by both the record of the disposition hearing and the characteristics of various restrictiveness levels. Applying the statutory framework, the supreme court determined that to deviate from a DJJ recommendation, the trial court must:
>
> > (1) Articulate an understanding of the respective characteristics of the opposing restrictiveness levels . . . including (but not limited to) *the type of child that each restrictiveness level is designed to serve, the potential "lengths of stay" associated with each level, and the divergent treatment programs and services available to the juvenile at these levels* (the DJJ possesses the expertise to provide this information); and
> >
> > (2) Then logically and persuasively explain why, in light of these differing characteristics, one level is better suited to serving both the rehabilitative needs of the juvenile—in the least restrictive setting—and maintaining the ability of the State to protect the public from further acts of delinquency.

*E.A.R.*, 4 So.3d at 638; *see also B.N. v. State*, 39 So. 3d 515, 517 (Fla. 4th DCA 2010).

Additionally, the trial court's explanation for deviating from the DJJ's recommendation

> must provide a legally sufficient foundation for "disregarding" the DJJ's professional assessment and PDR [Predisposition Report] by identifying significant information that the DJJ has overlooked, failed to sufficiently consider, or misconstrued with regard to the child's programmatic, rehabilitative needs along with the risks that the unrehabilitated child poses to the public.

> *Id.*

> "While a trial court, working routinely with juveniles, may have insight into the types of programs provided at certain juvenile detention facilities, *E.A.R.* requires *a trial court place that knowledge on the record if the judge intends to rely on these types of findings to support deviations.*" *D.R.R. v. State*, 94 So. 3d 680, 683 (Fla. 4th DCA 2012) (internal citation omitted). These reasons must sufficiently explain why the court's decision provides for the child "the most appropriate dispositional service in the least restrictive available setting." *E.A.R.*, 4 So. 3d at 638 (quoting § 985.03(21)).

*Id.* at 10 (first alteration in original) (emphases added).

We also write to remind the trial court and appellate defense counsel of the requirements to preserve disposition errors and the necessity to comply with Florida Rule of Juvenile Procedure 8.135(b) to preserve relief for fundamental error.

*Affirmed.*

GERBER, C.J., and MAY, J., concur.

*       *       *

**Not final until disposition of timely filed motion for rehearing.**