# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 5D23-3268
LT Case Nos. 2006-CF-1413-A
2006-CF-1800-A
2006-CF-1412-A

_____

EDWIN SANCHEZ,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____

3.800 Appeal from the Circuit Court for Marion County.
Anthony M. Tatti, Judge.

Edwin Sanchez, Bushnell, Appellant.

No Appearance for Appellee.

April 12, 2024

PER CURIAM.

Sanchez's 3.800(a) motion alleged a violation of a plea agreement which even if true does not create an illegal sentence. *McLendon v. State*, 58 So. 3d 387, 388 (Fla. 5th DCA 2011). Such a claim would have to be raised in a timely and legally sufficient rule 3.850 motion and is not cognizable in a rule 3.800(a). However,

a motion filed under rule 3.800(a) should be treated as a motion filed under rule 3.850 where it is in the interest of justice to do so, and the motion would be timely under rule 3.850. *Brooks v. State*, 969 So. 2d 238, 243 n.8 (Fla. 2007). While it is now too late for Sanchez to file such a motion as his sentence became final in February 2022, at the time the 3.800(a) motion was filed, it would have been timely, and the trial court should have treated the motion as a timely rule 3.850 motion and either refuted the claim with record attachments or allowed Sanchez leave to amend pursuant to *Spera v. State*, 971 So. 2d 754, 761 (Fla. 2007).

Therefore, the trial court's order denying Sanchez's rule 3.800(a) motion is reversed and remanded. The trial court shall provide Sanchez with an opportunity to raise his claim in a facially sufficient postconviction motion for relief pursuant to rule 3.850 of the Florida Rules of Criminal Procedure. *Id.*

REVERSED and REMANDED.

EDWARDS, C.J., and MAKAR and KILBANE, JJ., concur.

———————————————

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

———————————————

2