DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

————————————————

M.P., a child,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

No. 2D2022-4209

————————————————

July 17, 2024

Appeal from the Circuit Court for Hillsborough County; Robert Bauman, Judge.

Howard L. Dimmig, II, Public Defender, and Robert D. Rosen, Assistant Public Defender, Bartow, for Appellant.

Ashley Moody, Attorney General, Tallahassee, and J. Wade Stidham, Assistant Attorney General, Tampa, for Appellee.

PER CURIAM.

Affirmed without prejudice to any right that M.P. might have to file a motion to correct disposition order pursuant to Florida Rule of Juvenile Procedure 8.135(a) with the trial court. *See D.L.T. v. State*, 275 So. 3d 651, 652 (Fla. 4th DCA 2019) ("Although failure to comply with *E.A.R.* [*v.*

*State*, 4 So. 3d 614 (Fla. 2009),] constitutes fundamental error, the absence of any objection at the time of disposition, followed by the failure to file a motion to correct a disposition error pursuant to Florida Rule of Juvenile Procedure 8.135(b), precludes consideration even of fundamental disposition errors on direct appeal."); *see also D.M. v. State*, 90 So. 3d 284 (Fla. 2d DCA 2012) (affirming with citation to *A.L.B. v. State,* 23 So. 3d 190, 191 (Fla. 1st DCA 2009) ("[T]he absence of any objection at the time of sentencing, followed by the failure to file a motion to correct sentencing error before the initial brief was filed, precludes correction even of 'fundamental' sentencing errors on direct appeal.")).


CASANUEVA, KHOUZAM, and LUCAS, JJ., Concur.

_____

Opinion subject to revision prior to official publication.